## Southern Mining Company v. Wilson, et al.

(Decided February 23, 1926.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Compensation Claimant's Failure to Show Notice of Accident which was Not in Issue Held Not to Prevent Review of Case (Ky. Stats., Section 4914).—Where, in proceeding under Workmen's Compensation Act, question of notice of accident under Ky. Stats., section 4914, was not in issue, claimant was not required to introduce proof of such notice, and his failure to do so did not prevent later review of case on showing of change of condition and award of compensation.

2. Master and Servant—Total Disability Resulting Subsequent to Hearing Held Ground for Changing Order Under Workmen's Compensation Act (Ky. Stats., Section 4902).—Where Workmen's Compensation Board disallowed claim of injured workman because testimony that he had suffered disability was vague and uncertain,

but in four months injury had resulted in kyphosis, totally disabling claimant, board was authorized, under Ky. Stats., section 4902, to change or revoke previous order.

LOW & BRYANT for appellant.

JAMES M. GILBERT and MORRIS & JONES for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

On August 13, 1923, a hearing before the Kentucky Workmen's Compensation Board was had at Pineville, Kentucky, in the claim of appellee, Oscar Wilson, against appellant, Southern Mining Company. That hearing terminated by appellee's claim for compensation being dismissed. Upon application by appellee the board on December 10, 1923, reviewed its previous order in the case, and, upon the showing made of change of condition, awarded appellee compensation for total disability. Appellant by petition appealed to the Bell circuit court, where the award was upheld, and from thence it has prosecuted this appeal.

It is vigorously insisted for appellant that under authority of Wager Coal & Coke Company v. Gray, 270 S. W. 721, the board improperly changed or revoked its previous order disallowing appellee's claim. That contention is predicated upon appellant's assertion that it now can not be told but that in the first instance the board disallowed appellee's claim because he failed to establish at the hearing that he had given notice of his accident to his employer under the provisions of section 4914, Kentucky Statutes. The argument is that if the board disallowed the claim because of claimant's failure to give notice as required by that section of the statute, since it was in his power at the first hearing to introduce all the evidence on that question, under authority of the Wager case, *supra*, he may not at the second hearing introduce other evidence on that question which might have been produced at the first by the use of due diligence. He insists that, therefore, the board improperly granted a review of its previous order and set it aside and awarded appellee compensation. The fallacy of that argument discloses itself when it appears that upon the first hearing no issue was made by appellant as to notice. Upon the first hearing issue was joined by the following agreed order: "It is agreed that on and prior to August 25, 1922, both parties had accepted the provisions of the Workmen's

Compensation Act. Plaintiff was earning an average of $21.00 per week. Defendant denies plaintiff sustained an injury which arose out of and in the course of employment and there was no disability resulting therefrom." It thus will be seen that upon the original hearing hereof the question of notice under section 4914 was not in issue, and there was no necessity for appellee to introduce proof that he had notified appellant of his injury under the provisions of section 4914, *supra*. The only questions in issue on the first hearing were whether or not appellee received an injury which arose out of and in the course of his employment, and if so whether or not any disability resulted therefrom. Upon the hearing then had the board by order entered August 21, 1923, adjudged that claimant was not entitled to compensation and dismissed his claim.

Section 4902, Kentucky Statutes, authorizes the board on its own motion or upon the application of any party interested, upon a showing of change of conditions, mistake or fraud to review any award or order ending, diminishing or increasing the compensation previously awarded, or to change or revoke its previous order. The new order entered changing or revoking the old upon a proper showing of change of conditions necessarily was intended to give the parties relief in the light of the changed conditions. In this case, upon the first hearing, while appellee and several witnesses for him testified that when he and a number of other workmen were engaged in handling steel railroad rails, because some of them fell, the great weight of a steel rail was thrown upon him and caused an injury to his spine, the testimony was vague and uncertain that because of the injury so received appellee had suffered any disability. Upon the showing then made the board disallowed his claim. Four months elapsed between that hearing and the second. In the meanwhile appellee's injury which, upon the former hearing, was not found to be sufficiently serious to satisfy the board that any disability had resulted, had proved to be much more serious than then appeared. Appellee's injury has resulted in kyphosis, and between the first and second hearings the deformity and angular curvature of the spine became so pronounced as to totally disable him. The board found: "That plaintiff received an injury to his spine while he was with fellow-workmen carrying a heavy steel rail when two

men in the front end slipped and threw the entire weight on plaintiff, as a result of which injury he had developed a curvature of the spine and thereby totally incapacitated him from performing labor of any kind since said date, though he tried to do so for a short while after the injury." There was no conflict in the evidence as to appellee's condition upon the second hearing, and the finding of the board that he now because of his injury is wholly incapacitated from labor is overwhelmingly sustained by the evidence found in the record. The case falls clearly within the provisions of section 4902, which authorizes the board, upon its own motion, or upon the application of any party interested, upon a proper showing of change of conditions, to change or revoke its previous order so as to do justice to the parties in the light of the changed conditions. See Louisville Milling Company v. Turner, 209 Ky. 515.

Perceiving no error in the judgment appealed from, it will be affirmed.

Judgment affirmed.