## Sawyers v. Lena Rue Coal Company, et al.

(Decided January 11, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Compensation Agreement, Approved by Board, Becomes Award (Kentucky Statutes, Section 4931).—Under Kentucky Statutes, Section 4931, agreement for compensation for injuries, reached by employer and employee, approved by the Compensation Board, becomes in effect award of board.

2. Master and Servant—Compensation Agreement, Made Pending Motion to Reopen Case, Becomes Award When Approved by Board (Kentucky Statutes, Section 4931).—Where employer and employee's agreement under Kentucky Statutes, section 4931, for compensation for injuries pending motion to reopen case was approved by compensation board, such agreement so entered into and approved became in effect an award of the board under such motion.

3. Master and Servant—Compensation Board, Approving Agreement, Held Without Authority to Change Award Without Notice to Employer (Kentucky Statutes, Section 4902).—Where compensation board approved agreement of employer and of employee for compensation for injuries pending motion to reopen case, its subsequent order fixing compensation, without having given notice to employer under Kentucky Statutes, section 4902, was without authority and erroneous.

4. Master and Servant—Reviewing Court May Set Aside Order of Compensation Board, Changing Award Without Notice to Employer (Kentucky Statutes, Section 4935).—Under Kentucky Statutes, section 4935, circuit court on appeal from order of the Workmen's Compensation Board could set aside order of board fixing compensation, made without notice to employer after parties' agreement for compensation had been approved by the board.

G. G. RAWLINGS, for appellant.

C. T. DOTSON and SAMPSON & SAMPSON, for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Charles W. Sawyers, was employed by appellee, Lena Rue Coal Company. Both had accepted

the provisions of the Kentucky Workmen's Compensation Act, and he was injured in the course of his employment on December 15, 1919. He made application for adjustment of his claim for compensation, and he and his employer appear from the record herein to have agreed that he was entitled to 1 6/7 weeks' total disability at $12.00 per week, and the appellee, Workmen's Compensation Board, approved that agreed settlement March 8, 1920. On September 20, 1921, settling the claim made for partial permanent disability the board found appellant to be 15% disabled, and awarded him compensation therefor at the rate of $1.80 per week for 335 weeks. On January 2, 1922, appellant appears to have filed a motion to reopen the case, which the board sustained, giving the parties opportunity to be further heard. Thereafter both appellant and appellee took depositions on the question in issue. Considerable time elapsed without the board reaching a conclusion. Thereafter and before the board had reached a conclusion whether or not the previous award should be revised appellant and appellee reached an agreement settling their differences. It was agreed that appellant had received 15% permanent partial disability; and that he should be compensated therefor at the rate of $1.80 per week for 333 1/7 weeks beginning January 5, 1920. This agreement was reduced to writing, the parties using form No. 9 prepared by the Kentucky Workmen's Compensation Board for the purpose. They both signed it and the orders of the board on file as evidence herein disclose that agreement was approved by the board on the 2nd day of January, 1923. After that time, as appears from the record herein, neither party took further steps, but on December 3, 1923, an order was entered by the compensation board that appellee company or its insurance carrier pay to appellant compensation based on 35% disability from the date of the filing of the motion to reopen the case, January 2, 1922, until further orders of the board. Appellee company thereupon appealed to the Harlan circuit court from that order, pleading the foregoing facts and asking that the order of the board of December 3, 1923, be set aside and held for naught, upon the theory that the agreement made by the parties adjusting their differences and agreeing that appellant had suffered 15% total partial disability and was entitled to be compensated therefor at the rate of $1.80 per week for 333 1/7 weeks, which was approved

by the compensation board on January 2, 1923, was in effect the judgment and award of the board entered pursuant to plaintiff's motion to reopen the case made January 2, 1922, and that the board was without legal authority thereafter without notice to it to change the award. No answer was filed to the petition in the circuit court, and, upon the hearing there, the court granted appellee the relief sought and set aside the award and order of the board entered on December 3, 1923. This appeal has been prosecuted from that judgment.

Section 4931, Kentucky Statutes, provides:

"If the employee and employer reach an agreement conforming to the provisions of this act in regard to compensation, a memorandum of the agreement shall be filed with the board and if approved by it shall be enforceable in like manner herein provided for the enforcement of awards of the board."

Whenever the employer and employee reach an agreement under the provisions of the section, *supra,* of our statutes, and the compensation board approves it, such agreement so approved in effect becomes the award of the board. See Johnson, et al. v. J. B. Taylor Company, 211 Ky. 821. Appellant's motion to reopen the case appears to have been filed January 2, 1922. Though the parties took the depositions of several witnesses no action had been taken by the board, and on January 2, 1923, the agreement which the parties had reached and which they had reduced to writing on the form provided by the compensation board and which they had signed was approved by the board on that date. That agrement so entered into and so approved by the board thereupon became in effect its award under the motion then pending to reopen appellant's claim.

Section 4902 provides:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be

had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder.''

The only authority for the compensation board to reopen a case and review any award or order previously made or entered by ending, diminishing or increasing the same must be found in the section just quoted. It will be observed that a review under that section can be had only upon notice to the parties interested. In view of the fact appearing herein, that, after the agreement made by the parties, which the board approved January 2, 1923, which thereby and thereupon became the award of the board upon appellant's motion then pending to reopen the case, no notice was ever given appellee company that the award so made was sought to be reviewed or changed under the provisions of section 4902, it is impossible to escape the conclusion that the order or award entered December 3, 1923, was without authority and erroneous. Upon appeal to the circuit court, under section 4935, it has authority to determine whether or not the board acted without or in excess of its powers. The record clearly establishing that in entering the award or order on December 3, 1923, the board acted without or in excess of its powers the circuit court had authority to set such order or award aside and properly did so.

No error appearing in the judgment appealed from it will be affirmed.

Judgment affirmed.