## Black Mountain Corporation v. Swift et al.

(Decided December 1, 1931.)

B. M. LEE for appellant.

J. L. DAVIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On February 8, 1929, Worthy Swift, an employee of the Black Mountain Corporation, was severely injured by falling slate. At the time of his injury both he and the corporation had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). On February 15, 1929, the accident was reported to the Workmen's Compensation Board on Form No. 7. On September 23, 1929, the corporation and Swift entered into a written agreement by which Swift was to receive compensation from the time of his injury less one week waiting period to the end of November at the maximum rate of $15 per week, and the further sum of $1,000 as a lump-sum settlement of his claim, and the stipulated payments were all made. This agreement, though signed by the parties and received by the board, does not appear to have been approved by the board. However, the agreement, though unsigned by the parties, was reported to the board on Form No. 9, and was approved by the board on October 28, 1929. On this form the terms of the agreement are stated as follows:

Total disability 41 1/7 weeks at $15.00 per week ............................................................$   617.13
Partial disability 83 1/3 weeks at $12.00 per week ............................................................ 1,000.00
Paid to Black Mountain Store ............................ 149.65

Total ..............................................................$1,766.78

On January 9, 1930, Swift filed with the board a motion to reopen his case on the ground of change of condition, and in support of the motion filed his own affidavit and the affidavits of two physicians. In his affidavit Swift stated that, when he signed the settlement, he was told by the doctor for the Black Mountain Corporation that he would be able in two months to do light manual labor; that in accepting the $1,000 in settlement of his claim he did so relying upon the statement of said doctor; and that instead of getting better he had gotten worse as the result of his injuries. In their affidavits the two physicians stated that they had examined Swift; that he was suffering from traumatic injuries, and in their opinion he was totally and permanently disabled from performing labor. Thereupon the corporation filed

a "special answer" pleading the lump-sum settlement in bar of Swift's right to further compensation. Thereafter the Workmen's Compensation Board reopened the case and ordered it set for trial. After hearing the evidence the board found that Swift was 100 per cent disabled as the result of the accident, and awarded him compensation of $15 a week for a period not exceeding 416 weeks, and not exceeding in all the sum of $6,000. The award further provided that the company was to pay 6 per cent interest on all past-due payments and take credit for any money theretofore paid as compensation. On petition for review to the Harlan circuit court the award was affirmed. From that order this appeal is prosecuted.

There is no merit in the contention that the alleged settlement was a bar to Swift's right to reopen the case, or to obtain further compensation. The agreement, which was actually signed by the parties, was never approved by the board. It is doubtful whether the approval of the purported agreement on Form No. 9, which was never signed by the parties, was effective for any purpose. But, if it be conceded that the agreement actually made was approved by the board, it must not be overlooked that the agreement or settlement is the same in legal effect as an award, Sawyers v. Lena Rue Coal Co., 217 Ky. 500, 289 S. W. 1107, and, like an award, may be reopened or reviewed upon a showing of change of conditions, mistake, or fraud, Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83.

But the point is made that no change of condition was shown. According to Swift he had not been able to do any work since his injury, and before he made the settlement the company's doctor informed him that he would be able to do light work. We need not determine whether the settlement was induced by any misrepresentation made by the company's physician. The only expert evidence as to Swift's condition at the time of the settlement is that given by the company's physician. He was of the opinion then that Swift would be able to do light work. If such was his condition at that time, then it necessarily follows that, if he is now totally and permanently disabled, there has been a change of condition, and there being substantial evidence to this effect the finding of the board cannot be disturbed. Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S. W. 270.

The further point is made that, inasmuch as the statute provides that no award made upon the reopening of a case shall affect payments already made, the new payments should not begin until the $1,000 already paid has been exhausted at the rate of $3 a week for 335 weeks. The record does not disclose an award or a valid agreement as to weekly payments of $3, followed by a commutation of those payments. All that the agreement shows is that payments were made up to November 30, 1929, at $15 a week, and that these sums, together with the further sum of $1,000, were accepted in final payment of the claim. In the circumstances the only practicable way of adjusting payments is to credit the company from and after December 1, 1929, with weekly payments of $15 until the $1,000 is exhausted, at which time the new payments will begin, and continue until the expiration of the limit fixed by the award. As this view is consistent with the award, it will not be disturbed.

There appears upon unsigned Form No. 9 the item $149.65, "paid to Black Mountain store," and appellant insists that it should have credit for this amount. There is nothing in the record explanatory of this item, and whether the board allowed it as a credit on the award does not appear. Under the statute any payments made or the value of supplies furnished by the employer or his insurer during the period of disability, to the employee or his dependents, which by the terms of the act were not due or payable when made or furnished, may, with the approval of the board, be deducted from the amount payable as compensation. Kentucky Statutes, sec. 4906. If the item in question falls within the statute, it, on proper application, may yet be allowed by the board as a credit on the award.

Judgment affirmed.