## Lincoln Coal Co. v. Watts et al.

(Decided Oct. 25, 1938.)

CRAFT & STANFILL for appellant.

C. A. NOBLE and ELBERT STRONG for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Appellee, Jesse Watts, was injured on November 17, 1931, while working for appellant, Lincoln Coal Company. He came in contact with a live electric wire and received such a shock that he became totally disabled by paralysis of his right side. On May 3, 1932, Watts filed his application for adjustment of his claim for compensation against the Lincoln Coal Company before the Workmen's Compensation Board of Kentucky. After proof was taken by both parties the Board made an award in the case on March 21, 1933, allowing Watts compensation for total temporary disability for a period of 40 weeks at $15 per week, and for partial permanent disability for 295 weeks, following the period of total temporary disability at $6 per week. At the conclusion of an exhaustive opinion, the Board said:

"We are of the opinion that plaintiff was totally disabled for a period of 40 weeks from and after November 17, 1931, following this period of total temporary disability, and at the present time, we are of the opinion that the plaintiff suffered and is suffering a 50 per cent disability, which disability is of a permanent nature. If any change in this condition occurs, section 21 of the Act is available to the litigants."

Watts continued to receive compensation under the award made by the Board up to and including June 17, 1935, in the total amount of $1428, when he made a settlement with the Coal Company, executed on Form No. 20 of the Board, and approved by the Board, calling for a lump sum payment of 50% ($471) of the remaining compensation due him under the award. On May 12, 1936, Watts filed a motion with the Board under section 4902 of the statutes asking that his case be reopened because of change in his condition, and in support of his motion he filed the affidavits of Dr. H. P. Duff and Dr. J. O. Salyers. On May 15, 1936, appellant filed its response to Watts' motion to reopen the case. On June 16, 1936, the Board entered an order sustaining appellee's motion to reopen the case, and it was assigned for hearing before a Referee of the Board at Hazard, Kentucky, July 9, 1936, at which time Watts and Dr. H. P. Duff testified. Appellant offered no evidence at this hearing, but filed a special plea before the Board on De-

cember 31, 1936, wherein it was prayed that the order reopening the case be set aside and held for naught. Briefs were filed by both parties and the case submitted to the Board for adjudication.

On May 4, 1937, a full Board final opinion and award was delivered. In this opinion the Board found, "That the Board erred in its failure to award plaintiff compensation for total disability for the entire compensable period; that plaintiff's condition has grown worse since the award was made."

Under the second award made by the board, Watts was to receive compensation in the amount of "$15.00 per week from November 17, 1931, less one week's waiting period, for a period not in excess of 416 weeks, and an amount not in excess of $6,000.00, with 6% interest on all payments past due after this date, it being the date of the Board's motion to reopen the case." Appellant was allowed a credit against this award of $1899, the amount paid Watts under the award made March 21, 1933, and also the sum of $361, relinquished by Watts when he entered into the lump sum settlement on June 17, 1935, for the remaining compensation due him.

Appellant filed its petition in the Perry Circuit Court for review of the Board's award, to which appellees filed an answer and response. The case was submitted to the court and the court entered judgment dismissing the petition for review, to which appellant, Lincoln Coal Company, objected and excepted and prayed an appeal to this Court, which was granted. The parties expressly waived the formality of filing a motion and grounds for a new trial and bill of exceptions and schedule.

Appellant asks that the judgment of the lower court be reversed because (1) in making its award of May 4, 1937, the Board erred as a matter of law in holding on uncontradicted evidence that there was a change in the condition of appellee, Watts, between March 21, 1933, the date of the first award, and the time of the 1937 award; (2) because the Board acted in excess of its power or authority in reopening the case upon its own motion without notice; and (3) because the Board by its award, and the Perry Circuit Court by its judgment, gave the award on review retroactive effect.

Section 4902 of the Statutes is the battle ground of this controversy. It reads as follows:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

The Board's right to reopen a case under this section before the case has been passed on by the court on appeal has frequently been upheld by this Court. Stearns Coal & Lumber Company v. Vanover, 262 Ky. 808, 91 S. W. (2d) 518; Southern Mining Company v. Wilson, 213 Ky. 245, 280 S. W. 961; Louisville Milling Company v. Turner, 209 Ky. 515, 273 S. W. 83; Black Mountain Corporation v. Swift, 241 Ky. 333, 43 S. W. (2d) 1008. In the Vanover Case, the Court said [page 519]: "Indeed, the plain purpose of the statute is to enable the board to deal with the situation in such a way as to prevent an injustice being done."

The right of an interested party to petition for the reopening of a case under section 4902 is in addition to, and not dependent upon, the right to appeal to the courts from a board finding. Section 4935, Kentucky Statutes. Once, however, an appeal has been made to and passed upon by the courts there can be no reopening of the case under Section 4902, on the ground passed upon by the courts. The fact that a settlement has been made, as was true in this case, is no bar to the reopening of a case by the Board under section 4902. Black Mountain Corporation v. Swift, supra; Sawyers v. Lena Rue Coal Company, 217 Ky. 500, 289 S. W. 1107; Ray v. Black Mountain Corporation, 254 Ky. 800, 72 S. W. (2d) 477. When the Board reopened Watts' case on June 16, 1936, it had the right to review the award previously made and to hear evidence on "change of conditions, mistake or fraud." There having been no court action, it could take such action in "ending, diminishing or increasing the compensation previously awarded," as it deemed warranted within the limits of the statutes. Granting for the sake of argument that the Board erred

in saying in its second award that, "this cause coming on plaintiff's motion to reopen, and the Board's 'own motion' to correct its own error," when the order of June 16, 1936, shows that the case was reopened on motion of appellee, Watts, this of itself would not warrant reversal in this case. Appellant was duly notified of all proceedings before the Board and took part in them. Had the Board reopened the case without notice to appellant and summarily made a new award, the situation would have been entirely different. Sawyers v. Lena Rue Coal Company, supra.

The extent of Watts' disability was apparently a close question with the Board when it made its first award, because at that time it stated that, if any change occurred in Watts' condition, section 21 of the Act (section 4902 of the Statutes) was available to the litigants.

Dr. H. P. Duff testified in the first case that he had examined appellee, Watts, after he received the electric shock, and that the injury, "seems to be permanent." He stated that, when he first examined Watts, he was completely paralyzed, on one side of his body, and that he had seen him at a distance since that time and that, "he has improved some." On this point Watts testified on his first trial as follows:

"69. Now, Jesse, has your condition improved? A. Yes, a little bit.

"70. Has it been improving of late? A. Yes it has.

"71. At first you could not get about at all with just one cane? A. No, sir, I couldn't get about at all."

A review of the testimony given by Watts at the first trial, as well as that given by him at the second trial, and the testimony given by Dr. Duff at both trials, shows that his condition did not improve as was apparently contemplated by the Board at the time it made its first award (March 21, 1933), but rather changed for the worse. It is undisputed that Watts was totally disabled at the time of the second hearing in Hazard, July 9, 1936. Three doctors testified that in their opinion his disability was permanent. It is our conclusion, therefore, that the action of the Board, and the circuit court, in awarding Watts compensation for total permanent disability should be upheld.

The contention of appellant that the Board erred in making its award of May 4, 1937, retroactive is well grounded. This question was before the Court in the case of Rex Coal Company v. Campbell, 213 Ky. 636, 281 S. W. 1039. In interpreting the last sentence of section 4902, Kentucky Statutes, the Court said [page 1041]:

"It is therefore our conclusion, though reluctantly arrived at, the judgment was in error in this case in giving the increased award a retroactive effect, since it is our opinion that the language of the sentence under consideration forbids it and preserves intact, as to both employer and employee or his dependents, the prior award until application for its review is made, and that any change made in it by the board on that hearing will have only a prospective effect from that time."

While the application of this rule in Watts' case may seem harsh, it must not be overlooked that his right to have the first award of the Board, March 21, 1933, reviewed under section 4902 was not exercised until May 12, 1936, more than three years after the award. Furthermore, an interpretation of the last sentence of section 4902, making the Board's action in a reopened case retroactive, could open the door to great injustice to persons entitled to compensation under the Compensation Act, Kentucky Statutes, section 4880 et seq., where awards are diminished or revoked.

In its second award the Board should have allowed appellee, Watts, compensation for total permanent disability at the rate of $15 per week, with interest, beginning May 12, 1936, the date he filed his motion to have his case reopened. This award to run for a period of 416 weeks, including the period of 335 weeks for which he was first awarded compensation; and this amount to be credited by the compensation of $6.00 a week allowed in the Board's first award from May 12, 1936, to the end of the 335 week period. It is our view that Watts is not entitled to recover from appellant the compensation he gave up in the lump sum settlement of June 17, 1935, because this lump sum payment was consideration for the compensation he relinquished.

Judgment reversed with instructions that the award made by the Board on May 4, 1937, be modified and corrected in keeping with this opinion.