28202. NEW AMSTERDAM CASUALTY COMPANY *et al. v.* McFARLEY.

DECIDED JULY 5, 1940. REHEARING DENIED JULY 30, 1940.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.
*C. B. McCullar,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Board may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon." Code, § 114-709, as amended by the acts of 1937 (Ga. L. 1937, pp. 230, 233; 528, 534). Under this section, the Industrial Board is vested with the continuing jurisdiction to alter its findings, orders, or awards as to a particular claimant for compensation, and to confer, diminish, terminate, or reinstate the payments of compensation to such claimant on a change in condition, such

change in condition being a condition precedent to the power of the board to review any such previous finding or award. See 71 C. J. 1438; *Home Accident Insurance Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131). The "change in condition" referred to in this statute means conditions different from those existent when the original award was made. A "change in condition," as here used, means a change in the physical condition of the claimant as the result of and due to the original injury or accident, occurring after the award of the Industrial Board which it is sought to review, alter, or modify. See 71 C. J. 1438. A change in the physical condition of the claimant exists where, at the time of the initial hearing, his eyes were "irritated" from an apparent temporary injury from which the claimant suffered no disability, and where subsequently, as a result of such injury, the claimant's vision becomes apparently impaired, permanently disabling him.

Many decisions hold that after an award finding that the claimant's injuries are only temporary, the Industrial Board has power and authority, upon a change in the condition of the claimant to permanent disability, to award compensation accordingly, where the subsequent permanent disability is the result of the original accident or injury. See 71 C. J. 1441, and cit. Also it has been held that upon a change in condition, as where the incapacity of the claimant has increased after an award for partial or temporary disability, or an award for a specific injury, or *where compensation has been previously denied to the claimant,* the compensation officials, within the terms of the continuing jurisdiction vested in them by statutory provisions similar to Code § 114-709, are authorized to reopen the case to determine the then degree of disability, and to award compensation, or to increase the compensation previously awarded, accordingly, provided the disability is due to or the result of the original injury and not to another cause. 71 C. J. 1441; Southern Mining Co. v. Wilson, 213 Ky. 245 (280 S. W. 961); Young v. Industrial Commission, 81 Colo. 106 (253 Pac. 826). It has been held that although a workman has been denied compensation for an injury because at the time he still has use of the organ in question, should the impairment increase, the compensation officials, under a continuing jurisdiction to amend their decisions, have the power to reconsider their previous award. Boscarina v. Carfagno & Dragonnette Inc., 220 N. Y. 323 (115 N. E.

710, Ann. Cas. 1918A, 530). As stated by this court in *Ware* v. *Swift & Co.,* 59 *Ga. App.* 836, 840 (2 S. E. 2d, 128), "In this decision [referring to a former decision in the case, 53 *Ga. App.* 500 (186 S. E. 452)] the court held that a former award *against the claimant, which was not appealed from,* brought the case to an end, 'except for a change in condition.'"

The judgment denying compensation is only an adjudication against the claimant's right to compensation upon grounds existing on which the board could, when rendering the judgment, have granted compensation. It is not conclusive, where there has been "a change in condition," as to the right of the claimant to compensation based upon his changed condition. A judgment of the Industrial Board denying compensation on the ground that while the claimant had sustained an accidental injury arising out of and in the course of his employment he was not suffering from any disability and had not sustained any specific injury, and was incapacitated only four or five days on account thereof, is an adjudication that the employee sustained an injury in the course of his employment. Such judgment is an "award" in the sense in which this word is used in the section of the Code providing for a review of an "award" of the Industrial Board by "any party in interest, on the ground of a change in condition," and may be reviewed by the board at the instance of the employee where there has been a subsequent change in condition of the employee resulting from the original injury. *United States Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851), s. c. 34 *Ga. App.* 363 (129 S. E. 880). So where, at the time of an award denying compensation, the claimant was not suffering from any disability, or specific injury, or impairment, and had been incapacitated as a result of the injury less than "7 calendar days" (Code, § 114-401), but where, as a result of the original injury, the employee subsequently becomes disabled from an impairment in his vision, there is a change in condition within the purview of the Code, § 114-709, and the original award denying him compensation is subject to review as provided therein. See *General Accident &c. Cor.* v. *Beatty,* 45 *Ga. App.* 104 (163 S. E. 302); *Swift & Co.* v. *Ware,* and *Ware* v. *Swift & Co.,* supra.

The judgment of the director dismissing the application was based on the decision of the Supreme Court in *Ætna Life Ins. Co.* v. *Davis,* supra, where it was held that "The Industrial Commission

has not the power and authority, under section 45 or other provisions of that act, after a full hearing and rendition of an award denying compensation, to which no appeal is entered, to entertain another application by the employee, filed after the time provided in the act for entering an appeal, for compensation for the *same injury,* based upon an alleged change in the condition of such employee." In our opinion that ruling is not controlling in the case now before this court. The *Davis* case is further differentiated in that in the case at bar, as in *Swift & Co.* v. *Ware,* supra, the initial adjudication or award was in favor of the claimant in so far as the director found as a matter of fact and adjudicated that the claimant had sustained an accidental injury arising out of and in the course of his employment, but denied compensation solely on the ground that the plaintiff was not then suffering from any disability, and had not been incapacitated a sufficient length of time to entitle him to compensation, while in the *Davis* case, the initial adjudication was that there was no connecting link between the injury sustained in the accident and the pains complained of by the claimant, on which his change in condition was based. The original award in the case at bar did not adjudicate the questions raised in the present application adversely to the claimant as did the original award in the *Davis* case, supra. The decision of the Industrial Board upon the initial hearing in the case at bar, in which it was found that the claimant had sustained an accidental injury in the course of his employment, but was not entitled to compensation because such injury had not resulted in disability or incapacitated him from work a sufficient length of time to entitle him to compensation under the act, was not an adjudication that the claimant's eyesight would not thereafter become impaired as a result of such accidental injury, thereby disabling him from work and entitling him to compensation. In such a case there would be a change in the condition of the claimant within the purview of section 45 of the workmen's compensation act. As stated in *Home Accident Insurance Co.* v. *McNair,* supra, "It is not the purpose of section 45 of this act [Code § 114-709] to abolish entirely the doctrine of res adjudicata; but it was intended to relieve the parties from this doctrine in the particular instances named therein," one of which is "a change in the condition of the employee." In that case the court approved the ruling of the Court of Appeals in *South* v.

*Indemnity Insurance Co.,* 39 *Ga. App.* 47 (3) (146 S. E. 45):
"Upon an application for such review, the essentials leading up to
the award are to be taken as res judicata, but the physical condi-
tion of the employee remains open to inquiry." In *Globe In-
demnity Co.* v. *Lankford,* 35 *Ga. App.* 599, 601 (134 S. E. 357),
one of the cases cited by this court in the *South* case, supra, in
support of its ruling, it was stated, as to a previous award or settle-
ment between the parties, that "if it sought to adjudicate against
a change in condition or to determine that such and such a change
*would or would not take place,* it exceeded its powers, because under
section 45 the employee is entitled, under certain conditions, . .
to a review of any award or settlement upon a change in condition.
If it should appear that since the settlement or award the claim-
ant has undergone a change of condition, due to his injury," and
his condition is such as to now entitle him to compensation, the
former settlement or award "would not be conclusive."

In *Globe Indemnity Co.* v. *Lankford,* supra, this court, speaking
through Judge Bell, said: "'The commission's findings, when sup-
ported by any evidence are conclusive of all questions of fact with
which it had authority to deal, but it can not refuse to make a
finding as to a change of condition merely because of a prior ap-
proved settlement. An appeal for review upon the ground of such
change presents a quasi-new case although it is not a new proceed-
ing, and it is the duty of the commission to examine into it, if the
matter sought to be reviewed has not been judicially determined,
or become res adjudicata, and if the commission still has jurisdic-
tion of the subject-matter. *U. S. Casualty Co.* v. *Smith,* supra.
It was said in that case that section 45 'expressly provides for com-
pensation in a case where there has been a change in condition of
the employee; and this necessarily extends jurisdiction of the com-
mission to review the settlement agreement or its original award.'
We are not to be understood as holding that the commission must
give a hearing on the merits of every such application for review.
It might, perhaps, be obliged to do so only when a preliminary
inquiry discloses that the application is probably meritorious; and
if the application is heard, it will be within the exclusive province
of the commission to determine from the evidence whether the
change of condition has actually occurred as represented. If it has
not occurred, the application will, of course, be denied; if it has

130

occurred, it will be the duty of the commission to modify the previous settlement or award, subject to the provisions of section 45. This court in *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880), held that the commission has the same power to review a settlement as it has to review an award, and that the right of a party at interest to make application for review is as clear in one case as in the other." It follows that the Industrial Board had jurisdiction to entertain and consider on its merits the claim of McFarley, which was based on a change in condition, and that the superior court did not err in reversing and setting aside the judgment of the director dismissing the application of the claimant. *Judgment affirmed. Sutton and Felton, JJ., concur.*