## Schaab v. Irwin et al.

Nov. 21, 1944.

Davis, Boehl, Viser & Marcus for appellant.

J. W. Clements and Ollie James Cohen for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellee, Stephen Irwin, was injured September 29, 1941, in an accident arising out of and in the course of his employment by appellant, Carl Schaab, doing

business as Schaab Construction Company. On January 24, 1942, an agreed order was approved and entered by the Workmen's Compensation Board, by the terms of which appellee received Fifteen Dollars ($15) per week for fifteen (15) weeks, commencing September 30, 1941. The award was made on the basis of temporary total disability. On March 18, 1942, the case was reopened by agreement of the parties, and an agreed order approved by the Board was entered providing for an additional award for thirty-five per cent (35%) permanent partial disability, by the terms of which appellee was to receive the sum of Four Dollars and Twenty Cents ($4.20) per week for one hundred ten (110) weeks, commencing November 13, 1941. On December 23, 1942, appellee petitioned the Board to reopen the case upon the allegation of change in conditions. The motion was sustained, proof taken, and the referee delivered an opinion awarding the claimant compensation on the basis of permanent total disability, at the rate of Fifteen Dollars ($15) per week for five hundred (500) weeks, commencing September 29, 1941, the date of the accident, subject to credit for compensation theretofore paid. The award was approved by the full Board on motion for review. On appeal, the award was affirmed by the Jefferson Circuit Court.

In seeking a reversal of the judgment, appellant contends: (1) The motion by appellee to reopen the case was premature; (2) there is no evidence to support the Board's finding that the claimant has suffered permanent total disability; (3) the Board erred in failing to allow appellant credit for wages earned by appellee after he sustained the injuries; and (4) the Court erred in decreeing that appellee was entitled to compensation for permanent total disability commencing on the date of the accident. The first and second complaints will be considered as one.

The injuries were sustained when appellee, posed in a squatting position, was struck on the left leg above the knee by a pole weighing approximately twenty-seven hundred (2700) pounds. The force was transmitted to the lower leg and foot, causing compound comminuted fractures of both bones (tibia and fibula) of the leg; breaking down the arch of the foot; damaging the ligaments; and fracturing the heel bone (os calcis) and the

internal ankle bone (malleolus). An x-ray examination, made on May 20, 1943, showed an ununited fracture of the left tibia in the region of the ankle bone; an ununited fracture on the lateral aspect of the same bone; a spur bone from the fractured fibula reaching to the tibia; and a fracture of the bone in the heel. He has a decided limp, the left leg is two inches short, and the left foot has become rigidly flat, with approximately seventy per cent (70%) limitation of motion in the up and down movement, and practically one hundred per cent (100%) limitation of motion in the lateral movement. Standing and walking become very painful, and he is unable to climb. Appellee, previous to his injury, was a skilled boilermaker; about three-fourths of his work required climbing; in normal times he will be unable to secure employment as a skilled workman in his trade. At the time of the taking of the testimony on the motion to reopen, he was engaged in a defense plant as a boilermaker's helper, receiving the same wages he received previous to his injury; but it is conclusively shown that the scarcity of workmen, due to the war, is solely responsible for his being employed at this time. The duties attendant upon his present employment do not constitute more than twenty-five per cent (25%) of the duties which would be required of him in regular employment in normal times. He testified that, at the time he signed the agreed orders, he had been informed, and was under the impression, that in time he would regain the full use of his foot; but his foot and ankle have continuously grown worse, until now he is permanently and totally disabled. The testimony of Dr. Leon L. Solomon and Dr. Orville Miller, the former a reputable diagnostician and general practioner, and the other a reputable orthopedic surgeon, confirm his contention, and wholly supports the Board in its finding that the claimant is permanently and totally disabled. No testimony was taken previous to reopening of the case on petition of appellee; and the fact that he considered, and was informed, that the disability was not permanent, together with the showing that he actually is permanently and totally disabled, were sufficient grounds for the Board to reopen the case. Whilst the injuries are confined to the left leg, ankle, and foot, the disability extends to the whole body. The pain attendant upon standing or walking on the leg is, and always will be, so severe that it is impossible for appellee

to engage in his trade under normal conditions. The fact that he has temporary employment in the national emergency is a mere fortuitous circumstance which does not relieve appellant of his liability. This question was decided in the recent case of Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S. W. 2d 53. The facts in that case were similar to those in the case before us, but the injuries were not so severe. An award for permanent total disability was approved. In the cases relied on by appellant, the evidence showed the injuries to be confined to the leg or arm, in some instances the foot or hand, of the claimant, with no disability to the remainder of the body. But here we have a different character of injury. Pain is so severe that it is impossible for the claimant to climb, or to walk or stand for more than a few minutes at a time. Dr. Solomon testified that appellee will not be able to continue in his present work, because to do so would cause the arch and bones in his right foot to break down in the same manner that his left foot is now broken down. If that condition should be brought about, he would be unable to stand or walk without support. He further testified that appellee's condition will never improve. It may be that he would be less disabled, were he to submit to the amputation of his leg; but he is not required to undergo the danger of such an operation for the sole purpose of decreasing the liability of his employer. Kentucky-Jellico Coal Co. v. Lee, 289 Ky. 821, 158 S. W. 2d 385.

The contention that appellant should be credited with the amount of wages earned by appellee in other employment, to the extent of Fifteen Dollars ($15) per week, is not sound. We have held that, in cases of partial disability, and in cases in which the employee has been found totally and permanently disabled to perform hard labor, but not disabled to perform light duties, where the employer liable under the Act furnishes work to the employee and compensates him as much or more than the amount of the award, it is proper to allow credit on the compensation award for the number of weeks he is thus employed. Consolidation Coal Co. et al v. Ditty, 286 Ky. 395, 150 S. W. 2d 672; Lawson v. Wisconsin Coal Corp. et al., 290 Ky. 375, 161 S. W. 2d 600. We have likewise held that, where the employee is employed in a different type of work, and by a different employer, the employer liable for compensation

is not entitled to credit. Columbus-Mining Co. et al. v. Sanders, 289 Ky. 438, 159 S. W. 2d 14. It is argued that, since appellee is engaged in the same type of work, even though he is working for a different employer, appellant is entitled to credit in the full amount of the compensation while appellee is thus engaged. The basis of the opinion in Consolidation Coal Co. v. Ditty, supra, is that the employer liable for the compensation, by furnishing light work which the employee is capable of performing, has met his responsibility in substantial compliance with the Compensation Act. But here the employer has done nothing to relieve him of liability.

Appellant's contention that the Board and Circuit Court erred in making retroactive the award for permanent and total disability is well taken. KRS 342.125; Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039; Lincoln Coal Co. v. Watts, 275 Ky. 130, 120 S. W. 2d 1026. KRS 342.125 provides for review by the Board of a previous award or order; the final sentence under this section recites:

"Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

In construing this section, which was then compiled in Section 4902, Carroll's Kentucky Statues, 1936 Edition, the opinion in Lincoln Coal Co. v. Watts, supra, quoting from the opinion in Rex Coal Co. v. Campbell, supra, recites (275 Ky. 130, 120 S. W. 2d 1029):

" 'It is therefore our conclusion, though reluctantly arrived at, the judgment was in error in this case in giving the increased award a retroactive effect, since it is our opinion that the language of the sentence under consideration forbids it and preserves intact, as to both employer and employee or his dependents, the prior award until application for its review is made, and that any change made in it by the Board on that hearing will have only a prospective effect from that time.' "

The application of the rule in this case may appear to be harsh (as likewise it seemed to have been in Lincoln Coal Co. v. Watts, supra). But appellee agreed to the previous awards, and, under the section of the statute governing the case, he is bound to accept the award agreed to until he made the motion for an increased

award. He would have been protected in the previous award, had the Board decreased the award on his motion to reopen. Thus, the rule protects both parties, and will more often inure to the benefit of the claimant than to the employer. But appellee contends that we may not consider this complaint, because it was not presented for the consideration of the full Board on its review of the referee's award, and was first presented for consideration in the Circuit Court. This argument is not sound. The question of the effective date of the award is one of law. KRS 342.285 provides that the review by the Circuit Court shall be upon the record made before the Board; the Circuit Court being limited to certain matters in its consideration. But one of its powers is to determine whether the award is in conformity with the provisions of the Act. The question of conformity, as we have heretofore stated, is one of law which may be determined originally by the Circuit Court; in fact, the statute makes it the duty of the Court to determine this question, although it may be raised for the first time in that Court. The Board should have made the award for permanent total disability at the rate of Fifteen Dollars ($15) per week, beginning December 23, 1942, the date appellee filed his motion to have the case reopened; the award to run for that portion of five hundred (500) weeks following the accident which had not expired on December 23, 1942. The award should be credited with such sums as shall have been paid the claimant since December 23, 1942; but the unpaid portion of the weekly premiums due under the final award shall bear six per cent (6%) interest from their due date.

The judgment is reversed, for proceedings consistent with this opinion.

Whole Court sitting.