RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0297-WC

NICHOLAS BASS APPELLANT

PETITION FOR REVIEW OF A DECISION
v. OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-16-95061

ZENITH LOGISTICS;
HONORABLE MONICA RICE-SMITH,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Nicholas Bass (Bass) has brought the within petition for review

of an opinion of the Workers' Compensation Board (Board) affirming the July 2,

2021, opinion, award, and order of Honorable Monica Rice-Smith, Administrative

Law Judge (ALJ). We also affirm.

On December 27, 2017, ALJ Grant S. Roark made the initial opinion, order, and award finding, as to Claim No. 2016-95061, that Bass had proven that he sustained a work-related lumbar injury with a 13% impairment rating subject to the 3X multiplier as provided in KRS[1] 342.730(1)(c)1.

On May 18, 2020, Bass filed his Motion to Reopen for Increased Impairment/Occupational Disability. By order entered September 2, 2020, Chief Administrative Law Judge Douglas W. Gott found that Bass had made the requisite showing entitling him to reopen.

A final hearing was conducted by ALJ Monica Rice-Smith on May 5, 2021. Bass testified that since the surgery performed by Dr. Michael Casnellie on August 7, 2018, he is now able to walk long distances. However, he has difficulty putting on his pants without holding on to something. He cannot bend and he experiences stiffness in his back when standing at the sink to wash dishes. He stated that he is also limited as to how long he can sit. He continues to take medication including Gabapentin, Oxycodone, and Flexeril.

The ALJ found that Bass' impairment had worsened since the time of his initial award. Doctors Casnellie and Thomas Loeb both concluded that he had experienced an increase in impairment since the August 7, 2018, surgery. In determining that Bass had met his burden of proof in showing that his impairment

---

[1] Kentucky Revised Statutes.

had increased, the ALJ relied primarily upon the opinion of Dr. Loeb that the range-of-motion methodology was most appropriate. The ALJ found that the 5th Edition of the American Medical Association, *Guides to the Evaluation of Permanent Impairment* 15.2 indicates that the range-of-motion methodology is preferable to the DRE methodology advanced by Dr. Casnellie as to injuries such as those sustained by Bass, "where there is alteration of motion segment integrity (*e.g.*, fusions) at multiple levels in the same region, unless there is involvement of the corticospinal tract."

However, the ALJ found that Bass had failed to meet his burden of proof as to the issue of total disability since neither doctor had expressed the opinion that he was unable to return to any form of employment, nor did they impose restrictions which would exclude him from all employment. Dr. Loeb indicated that Bass should not engage in any repetitive bending, stooping, excessive stair climbing, running, jumping, or lifting greater than 20-25 pounds. Dr. Casnellie cautioned against repetitive bending, lifting, or twisting. As Bass was at that time, 45 years of age with two years of post-secondary education, no known learning disabilities and was subject to such minimal restrictions, the ALJ concluded that he was not entitled to an award for total disability.

Finally, the ALJ declined to award temporary total disability (TTD) benefits on the grounds that Bass had not moved to re-open prior to the expiration

of the period for which TTD is allowed. Dr. Loeb was of the opinion that Bass had reached maximum medical improvement (MMI) no later than August of 2019 and Dr. Casnellie indicated that the latest date that he could have reached MMI was April 6, 2020. Since Bass did not move to reopen until May 18, 2020, the TTD period had expired. Therefore, the ALJ concluded that no such award was permitted.

Following the entry of the opinion, award, and order, Bass filed a petition for reconsideration, arguing that the ALJ erred in determining that the range-of-motion methodology relied upon by Dr. Loeb was more appropriate to the nature of his injury. By order entered October 6, 2021, the ALJ overruled his petition.

In his appeal to the Board, Bass once again argued that the ALJ erred in her reliance upon the range-of-motion method. He also asserted that she had erred in failing to award TTD benefits. The Board concluded that the ALJ, as fact-finder, is charged with determining the weight and credibility to be given to the evidence, including medical evidence and therefore, she did not err in relying upon Dr. Loeb's opinion. The Board further found no error in the ALJ's decision that a TTD award would be untimely, thus affirming the opinion, award, and order.

As noted by the ALJ, the burden of proof herein was on Bass. *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000). She concluded, based upon the

evidence, that while he had met that burden as to the issue of "worsening of impairment" he had failed to do so as it pertains to the issue of total disability. As the finder of fact, the ALJ was the only one with the discretion to assess the evidence presented. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 929 (Ky. 2002). In circumstances such as those presented herein, where there is conflicting testimony between physicians, "the ALJ has the discretion to choose which physician's opinion to believe." *Jones v. Brasch-Barry General Contractors*, 189 S.W.3d 149, 153 (Ky. App. 2006).

The ALJ then found that Bass' claim for TTD was barred by the application of KRS 342.125(4) which provides that "any change in the amount of compensation shall be ordered only from the date of filing the motion to reopen." Although Bass's motion was timely filed pursuant to KRS 342.125(3), changes in compensation must be filed in accordance with KRS 342.125(4), prospectively from the date of the motion to reopen. Further, KRS 342.0011(11)(a) defines "temporary total disability" as "the condition of an employee who has not reached maximum medical improvement . . . ." The latest date upon which Bass could have reached "maximum medical improvement" was April 6, 2020. He did not file his motion to reopen until May 18, 2020. Therefore, as in *Bartee v. University Medical Center*, 244 S.W.3d 91 (Ky. 2008), relied upon by the ALJ, because Bass

failed to seek TTD benefits until after his benefits would have expired, he was barred from doing so. Clearly, there was no misapplication of law in this regard.

On appeal, the Board was charged with determining whether the evidence required a different result. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). However, such a determination is only warranted where the ALJ's findings are so unreasonable as to demand reversal. *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000). The Board, having reviewed the testimony and other evidence presented to the ALJ, found that reversal was not mandated since her decision was supported by substantial evidence. *Quad/Graphics, Inc. v. Bartolomeo*, 640 S.W.3d 93, 98 (Ky. App. 2022).

As noted in *Pike County Board of Education v. Mills*, 260 S.W.3d 366, 368 (Ky. App. 2008), this Court's "standard of review of a decision of the Workers' Compensation Board 'is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.' *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)." Having reviewed the record, the decision of the ALJ, and the Board's opinion, this Court cannot find that the law was improperly applied or that the evidence was incorrectly considered.

Accordingly, we affirm the decision of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Nicholas Bass, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE ZENITH LOGISTICS:

Lee Jones
Pikeville, Kentucky