## Felix Coal Company v. Jones.

(Decided May 8, 1934.)

CRAFT & STANFILL for appellant.
ROY HELM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment of the Letcher circuit court affirming an award of the Workmen's Compensation Board finding that appellee was totally disabled as the result of an accident arising out of and in the course of his employment. and fixing his compensation accordingly.

It is first insisted that the award is not supported by the pleadings. In support of this position, it is pointed out that in his original application appellee's disability was described as "permanent partial," that with only this application before it the board awarded compensation for total disability on January 17, 1933, and that the final award on full board review, which was rendered on August 15, 1933, merely affirmed the award of January 17, 1933, which was made without any pleading to support it. No pleadings are required in compensation cases and we are not disposed to the view that the application should be construed with the same strictness as an ordinary pleading. Aside from this, it must not be overlooked that at the original hearing in September, 1931, it was stipulated that the only questions to be determined were the extent and duration of the disability, and the average weekly wage. Not only so, but, after the total and permanent disability award of January 17, 1933, appellant filed its motion for a full board review, and on March 15 appellee filed an amended application stating that his disability was permanent and total. Thereafter both sides took additional evidence. Thus the whole case was before the full board, and, though the full board merely affirmed the award of January 17, 1933, the order was a decision on the merits after the amended application had been filed, and the

whole case had been developed by additional evidence, and not a decision based on the status existing when the award of January 17, 1933, was made. In the circumstances, the final award was supported by the amended application, even if an amendment was required. It follows that appellant's complaint on the score that the award was not supported by any pleading is without merit.

Appellant's principal ground of complaint is that the Workmen's Compensation Board failed to find to what extent pre-existing disease caused or contributed to appellee's disability, and to make an apportionment of the award as required by Ky. Stats. sec. 4880. The facts before the board are these: Prior to the accident, appellee was in good health, and his vision and hearing were normal. At the time of the accident, he was working as a coal loader when rock or slate fell from the roof knocking him down beside the car which he was loading, and causing the car to roll down a steep incline. Appellee's head was caught and rolled between the car and the rock on the bottom of the mine. His jawbone was broken, and his head was injured internally so that blood ran from his ears, nose, and mouth. After his jawbone was set, the alignment of his teeth was imperfect. Certain physicians testified in substance that appellee was industrially blind and practically deaf, that this condition was due to his injuries, and that in their opinion his disability was 100 per cent. On the other hand, the witnesses for appellant gave it as their opinion that the impairment of appellee's vision and hearing was not due to his injuries, that his disability was only 25 or 30 per cent., and that he was and had been suffering from tuberculosis. Opposed to this was evidence that appellee had been carefully examined and was not suffering at all from tuberculosis. In its award of January 17, 1933, the board found that appellee was totally disabled as the result of his injuries. In its opinion rendered on full board review, the board used the following language:

"We will not undertake to quote at length from the evidence of the new or additional witnesses introduced by the parties. Suffice to say, that the defendant on this motion for a full Board review has strengthened its claim that plaintiff is suffering from tuberculosis, and that it has, to some degree, strengthened its proof on its claim that plaintiff is

not totally disabled within the meaning of the Act. Were we to concede that plaintiff is suffering from tuberculosis which was not caused by the injury, the fact remains that as a result of the injury, plaintiff has suffered such a loss of vision as to be industrially blind, that he is totally deaf in the right ear, and has very little hearing in the left ear; that his throat has been so injured that he has difficulty in speaking above a whisper; that his lower right jaw and teeth are so imperfect that proper mastication of food is almost impossible. These specific injuries, in our judgment, are such as within themselves totally disable the plaintiff within the meaning of the act, notwithstanding the fact that he may have had tuberculosis at the time of the injury.''

The argument is that this is a practical admission that appellee was suffering from tuberculosis existing prior to the accident, and therefore the board should have found what proportion of his disability was due to that cause. It must not be overlooked that the full board, on the authority of Consolidation Coal Company v. Crislip, 217 Ky. 371, 289 S. W. 270, holding that one who is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment, is ordinarily regarded as totally disabled, found upon competent evidence that, regardless of whether appellee was suffering from tuberculosis or not at the time of the accident, he was totally disabled by the specific injuries resulting from the accident. Having found that appellee was totally disabled solely as the result of his injuries caused by the accident, the effect of the finding was that the alleged preexisting disease did not cause or contribute in any way to his injuries or disability. It is only ''the results of a pre-existing disease'' that shall not be included, section 4880, Kentucky Statutes, and, the board having found that there were no such results, there was nothing to apportion to a pre-existing disease.

Judgment affirmed.