# Williams et al. v. Gordon

June 23, 1950.

Sidney B. Neal, Judge

E. B. Anderson for appellants.

Claude E. Smith for appellee.

JUDGE HELM—Affirming in part, reversing in part.

On July 17, 1941, appellee, Robert L. Gordon, 47, was working as a carpenter for appellant, R. R. Williams, a contractor. He was standing on an eight-foot step ladder drilling a hole in an iron column at the corner of a building with an electric drill; the ladder "creeled and spun around" with him, causing him to fall and strike the lower part of his back against a window sill or "bulkhead." A doctor rendered first aid and then treated him at his home regularly for about a month. Because of his family he needed to work. He could not do the work he had been doing before. His employer gave him light work. Dr. Smith, his physician, fitted him with a sacroiliac belt or "back support" which he wore until

Dr. Glen Spurling fitted him with a back brace in 1946. He returned to work about six or seven weeks after he was injured.

Appellee and appellant agreed that appellee should be paid compensation at the rate of $15 a week for five and four-sevenths weeks. This agreement, with final settlement receipt for $83.56, was filed with and approved by the Workmen's Compensation Board, thus becoming an award of the Board. Appellee worked for appellant and others until about the last of 1945. On June 27, 1946, appellee filed motion, supported by his affidavit and the affidavits of Dr. Smith and Dr. Hardie, with the Board to reopen the case on account of mistake and change of condition. On October 2, 1946, the Board sustained the motion to reopen. Appellee filed application for adjustment of claim, asking that he be awarded compensation at the rate of $9 per week for 335 weeks, less five and four-sevenths weeks. The Board heard testimony for the parties—the testimony of appellee, some of those who worked with him, and of physicians who examined him, including Dr. R. Glen Spurling. On May 18, 1948, the Board found that appellee sustained an accident arising out of and in the course of his employment with appellant, and that as a result of the accident and injury appellee suffered a disability of 25 per cent to the body as a whole and awarded him compensation at the rate of $3 per week for a period of 335 weeks, less five and four-sevenths weeks, beginning June 27, 1946, and medical and hospital bills not to exceed $200.

On full Board review, the full Board found that on July 17, 1941, appellee sustained an injury to his back arising out of and in the course of his employment, and resulting in 25 per cent permanent partial disability to his body as a whole, and that a "new award following a previous award of the Board cannot be given retroactive effect but is prospective only, and the new award runs from the filing of the motion to reopen the case and for that portion of the compensable period which had not expired on the date that the motion to reopen was filed." The full Board awarded appellee compensation at the "rate of $3 per week beginning June 27, 1946 and to run for that portion of 335 weeks following the accident of July 17, 1941, which had not expired on June 27, 1946, with interest on all unpaid installments from June 27, 1946, until paid, and subject to credit for five and four-

sevenths weeks in the sum of $83.56 heretofore paid to the plaintiff by the defendant,'' and for medical and hospital bills not to exceed $200. This was amended to $100 for medical and hospital bills.

Appellee filed petition for review in the Daviess Circuit Court. That court adjudged that the rulings of the Board "are erroneous and should be set aside"; that appellee is entitled to compensation for 335 weeks, less five and four-sevenths weeks for which he has been paid compensation. The court adjudged that appellee recover of appellant compensation at the rate of $3 per week for a period of 329 and three-sevenths weeks from August 24, 1941 with interest on all unpaid installments until paid, and medical and hospital bills not to exceed $100. Appellant appeals.

It is urged that the judgment of the circuit court is not in accordance with the latter part of KRS 342.125 as follows: "Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

In Glogora Coal Co. v. Boyd et al., 293 Ky. 610, 169 S. W. 2d 816, 817, appellee Boyd, injured on November 30, 1935, returned to work on December 16, 1935. He entered into an agreement filed with the Board under which he was paid $17.14. In October 1937, on his motion, the case was reopened. The Board found that he was entitled to $12 per week for 120 weeks beginning December 7, 1935. The award was affirmed in the circuit court. There we said: "It is contended by appellant that even if appellee was entitled to the additional compensation the Board was without power to make the award retroactive to December 7, 1935. Reliance is placed on Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039, in which it was held that the Board in reopening a case may not make its award retroactive in such manner as to affect the previous award as to the sums already paid thereunder. But the award made here does not affect or change any previous payment. * * * In Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83, was involved a situation similar to the one now confronting us. The same contention was considered and rejected and the action of the Board in making the award retroactive to the date of the original claim was upheld."

In Wallins Creek Collieries Co. v. Jones, 214 Ky. 775, 283 S. W. 1067, 1069, we said:

"* * * appellee was injured on July 5, 1923. By an agreement entered into between him and the appellant, which agreement was filed with and approved by the Workmen's Compensation Board, and thus had the effect of an award, appellee was paid certain compensation up to August 7, 1923, on which date a final receipt, upon the final receipt form prescribed by the board, was executed by appellee. On April 4, 1924, appellee filed his petition to reopen the agreed award, and it is this proceeding which is involved in this appeal.

"Appellant now insists that the period from July 5, 1923, to April 4, 1924, must be deducted from the compensable period, and that it can be compelled to pay the rate of compensation awarded appellee herein only for that portion of the compensable period as remains after this deduction. Appellee insists that the only deduction appellant is entitled to is the period from July 5, 1923, to August 7, 1923.

"To support its position, appellant relies on the case of Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039. * * *"

After quoting from the Rex Coal Company case, we said:

"Appellant would put on this language of the court the interpretation that, when an award is reopened, compensation can only date from this reopening, whether or not compensation had been paid for any part of the period prior to the date of the reopening. Every opinion is to be read, having regard to the facts of the case and the question actually decided. The interpretation appellant thus puts on the language of the court is warranted neither by the statute itself nor by the facts of the Rex Coal Company case, upon which that opinion, of course, was based. The statute forbids a retroactive effect to any new award only insofar as it affects any sums already paid under a previous award; and that was all that was decided in the Rex Coal Company case. Compensation had been steadily paid in that case from the date of the original award up to the reopening of the case. But a few weeks remained of the compensable

period. The Rex Coal Company case only decided that the new award could not affect the old award as to sums already paid thereunder, and, as compensation under that award had never ceased up to the reopening of the case, the new award could have but a prospective effect.

"In this case, though, compensation ceased on August 7, 1923. Appellee concedes that appellant is entitled to have deducted from the compensable period the time between July 5 and August 7, 1923. Appellee is correct in this concession under the Rex Coal Company case, because the new award could not affect the old award as to sums already paid thereunder. But since August 7, 1923, no sums have been paid under the old award, and so the new award, with the concession granted by appellee, does not affect the old award as to any sums paid thereunder. There is nothing in the statutes forbidding an award on the reopening of a case from having a retroactive effect, except in so far as such effect would affect such sums already paid under previous awards, and so appellee is correct in his position that the only deduction from the compensable period appellant is entitled to is that period conceded by appellee. * * *''

Taking the cases relied upon by appellant, in the Rex Coal Company case it was agreed that Campbell's wife and children should be paid $7.16 per week for a period of 335 weeks on account of his accidental death. The agreement was filed with the Board and so became an award of the Board. The weekly award of $7.16 was paid for 330 weeks. A motion to reopen was filed asking that the award be increased to $12 per week for 335 weeks. The Board raised the weekly award to $12 a week and directed that it be paid from the effective date of the first award. The circuit court affirmed the award. Upon appeal we affirmed the judgment as to the last five weeks of the compensation period, but reversed it as to the 330 weeks for which compensation had been paid under the first award for the reason that the Board, under KRS 342.125, formerly K. S. sec. 4902, could not, in increasing the compensation previously awarded, affect the previous award "as to any sums already paid thereunder."

In Lincoln Coal Co. v. Watts, 275 Ky. 130, 120 S. W. 2d 1026, appellee Watts, who was injured November 17, 1931, was allowed compensation for temporary total

disability for 40 weeks at $15 a week, and for permanent partial disability for 295 weeks following the period of temporary total disability at $6 per week. He was paid weekly compensation to June 17, 1935. At that time he made a lump sum settlement for 50 per cent ($471) of the remaining compensation due him under the award. On May 12, 1936, he filed a motion to reopen the case under K. S. sec. 4902. On May 4, 1937, the Board awarded Watts $15 per week for 416 weeks from November 17, 1931, the date of his injury. But he had been paid compensation up to May 12, 1936, the date of his motion to reopen. There we held, in effect, that the second award could not be retroactive as to any sums already paid under the first award.

In Schaab v. Irvin, 298 Ky. 626, 183 S. W. 2d 814, appellee Irvin was injured September 29, 1941. On January 24, 1942, the Board approved an agreement for compensation at $15 per week for 15 weeks, beginning September 30, 1941. On March 18, 1942, the case was reopened. An agreement for compensation of $4.20 per week for 110 weeks, beginning November 13, 1941, was approved by the Board. On December 23, 1942, motion was made to reopen the case. After proof, the Board awarded $15 per week for 500 weeks, beginning September 29, 1941, the date of the accident. It appears that compensation was paid up until the time of the second reopening. We held that compensation at $15 a week should have been paid from that date.

It appears then that the cases cited by appellant are not, except for statements which were not necessary to the decision of the cases, in conflict with our holding in the Glogora Coal Company case and in the Wallins Creek Collieries Company case. That being true, the judgment of the circuit court allowing appellee compensation from August 24, 1941 was, in our opinion, correct. We are of the opinion, however, that under the circumstances interest should not have been allowed on past-due payments except from the date of the motion to reopen.

Two hundred dollars was the amount allowed at the time of appellee's accident for medical and hospital bills, but the amended petition as to the medical and hospital bills was not filed in time so that we are unable to consider that question here.

Upon a return of the case the Board will modify its award to the extent indicated herein.

The judgment is affirmed in part, and reversed in part.