**HAYDEN v. ELKHORN COAL CORP., Inc. et al.**

Court of Appeals of Kentucky.
March 23, 1951.

Courtney C. Wells, Hazard, for appellant.

Bert T. Combs, Prestonsburg, for appellees.

STEWART, Justice.

It is either admitted or uncontradicted that appellant, Shirley Hayden, suffered an accidental injury on November 18, 1947, while working for appellee, Elkhorn Coal Corporation, Inc.; that at the time of his injury appellant and appellee had accepted and were working under the provisions of the Workmen's Compensation Act, KRS Chapter 342; that appellant's earnings were sufficient to entitle him to maximum compensation under the Act, if warranted by his disability; and that appellee Corporation had timely notice of appellant's accident and injury.

On April 13, 1948, Hayden and appellee Corporation executed a voluntary agreement on Form #SF4, furnished by the Workmen's Compensation Board for this purpose, which stipulated that appellant was allowed $18 per week for 20 weeks for temporary total disability and, following the period of time just mentioned, $3.05 per week for 400 weeks for 25.45% permanent partial disability. Hayden agreed, at the same time, to accept a lump sum settlement of the above described compensatory payments in the amount of $1581.02. This agreement was approved by an order of the Compensation Board on April 20, 1948, and Hayden was paid the commuted amount last described.

On January 6, 1949, Hayden filed a motion with the Compensation Board under KRS 342.125, asking that his case be reopened because of fraud and of change in his physical condition for the worse, due to the injury received by him on November 18, 1947. This motion was supported by the affidavits of appellant and Dr. J. C. Coldiron. Appellant's motion was sustained on March 1, 1949, and the case was referred to a referee for reception of proof. After the cause had been duly prepared and submitted, the referee rendered an opinion and award, in substance, as follows: Appellant was adjudged to recover from appellee Corporation, for permanent total disability, compensation in an amount not to exceed $9000.00, payable at the rate of $18.00 per week, beginning January 6, 1949, and the weekly payments to continue for a period not to exceed 10 years, all subject to credit for any sums already paid by appellee Corporation to appellant. In addition, Hayden was allowed to recover from appellee Corporation for medical expenses incurred by him up to the amount of $400, subject to all credits against the same, if any, paid by the employer. Finally, Hayden was awarded interest from January 6, 1949, at 6% per annum on all past due payments. On September 5, 1950, on motion for a full Board review, the opinion and award of the referee was adopted and approved by the Compensation Board; and, on January 1, 1951, the Floyd circuit court reviewed the case, on an appeal, and entered a judgment confirming the opinion and award of the Compensation Board.

Appellant appeals, urging one alleged error for reversal, namely, that the opinion and award of the Compensation Board should have adjudged the weekly payments to begin retroactively as of November 18, 1947, the date of Hayden's injury, instead of commencing them, as it ordered, prospectively from January 6, 1949, the date of appellant's motion to reopen this case.

The answer to the issue raised by appellant is to be found in the interpretation this Court has given to the final sentence of KRS 342.125, which reads as follows: "Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

This case cannot be distinguished from Lincoln Coal Co. v. Watts, 275 Ky. 130, 120 S.W.2d 1026, in which the Compensation Board on March 21, 1933, allowed Watts compensation for total temporary disability

for 40 weeks at $15 per week, and for permanent partial disability for 295 weeks, following the 40 weeks, at $6 per week. On June 17, 1935, Watts, with the approval of the Compensation Board, made and was paid a lump sum settlement of the award still due him. On May 12, 1936, Watts filed a motion to reopen his case under Section 4902, Kentucky Statutes, now KRS 342.125. On May 4, 1937, the Compensation Board awarded Watts an amount not in excess of $6000, payable in installments of $15 per week over a period not greater than 416 weeks, all to be credited with the sums already paid under the previous award. Under this second award the payments were made retroactive to commence as of November 17, 1931, the date of Watts' injury. In reversing the lower court in the Watts case, this Court held that the second award should have provided that the weekly payments start from May 12, 1936, the date Watts filed his motion to reopen his case, and not retroactively as of November 17, 1931, the date of Watts' injury. The rule just recited in the Watts case was followed in Schaab v. Irwin, 298 Ky. 626, 183 S.W.2d 814. We have not departed from this principle of law.

■ Appellant insists that the recent opinion of Williams et al. v. Gordon, 313 Ky. 377, 231 S.W.2d 89, announced a view out of harmony with the law set forth in the Watts case. Therefore, the contention advanced by him on this appeal should be upheld, he argues. We think he misconstrued the facts and the law applicable thereto in the Gordon opinion. In this case, Gordon received an injury on July 17, 1941, and was paid compensation for 5½ weeks or until August 24, 1941, at which time by mutual written agreement, filed with and approved by the Compensation Board, all payments ceased. The case was reopened on Gordon's motion made under KRS 342.125 on June 27, 1947. This Court held, with the lower court, that the effective date at which time weekly payments should

begin under the new award was August 24, 1941, the date the previous award had ceased and payments thereunder had stopped. This Court correctly decided in the Gordon case, in conformity with KRS 342.125, that a new award in a compensation case shall not be retroactive so as to affect a previous award as to any sums already paid thereunder. No payments had been made to Gordon between the expiration of the first award on August 24, 1941, and the date he filed his motion to reopen his case on June 27, 1947. Accordingly, the new award became effective on the date the former compensation payments had ceased to be made, since no previous award was affected thereby. In the case at bar, a lump sum settlement for the whole amount was made with Hayden, approved by the Compensation Board, on April 20, 1948, on the basis of $18 per week for 20 weeks and $3.05 per week for 400 weeks. Hayden's motion to reopen his case for a second award was filed on January 6, 1949. Meanwhile, he had received payments under the previous award up to that time. The payments, in fact, had been made in advance to him under the lump sum settlement of April 20, 1948, but the first award remained in full force and effect up to the date of appellant's motion to reopen his case. If the new award had permitted weekly installments to begin prior to January 6, 1949, it would have had the result of increasing the payments from $3.05 to $18 per week during the period the first award was in effect, and this is the procedure expressly forbidden under KRS 342.125.

■ Appellee Corporation has moved this Court that it be granted a cross-appeal from the judgment below. Appellant has responded thereto, raising various objections as to why the motion for the cross-appeal should be overruled. The question presented to us in the cross-appeal was not raised before either the Compensation Board or the Circuit Court and cannot be urged in this Court for the first time.

The judgment is affirmed.