Court of Appeals of Kentucky.

March 13, 1953.

## THOMPSON v. HARLAN WALLINS COAL CORP. et al.

Court of Appeals of Kentucky.

March 13, 1953.

Doyle & Doyle, Harlan, for appellant.
James Sampson, Harlan, for appellees.

MOREMEN, Justice.

On January 12, 1943, appellant, Walter Johnson, was injured while working for appellee, Harlan Wallins Coal Corporation.

On September 4, 1943, under the terms of the Workmen's Compensation Act, the parties agreed upon compensation of $15 per week for 26 weeks for temporary total disability and, further, for permanent partial disability on the basis of twenty per cent impairment, or weekly compensation at the rate of $2.40 for 309 weeks. A lump sum payment for 335 weeks was made. This payment covered a period of time from January 12, 1943 (the date of injury) to about June 14, 1949, or six years and 19 weeks. It was approved by the Board.

On September 21, 1948, under KRS 342.-125, appellant filed motion to re-open the case and set aside the settlement.

On January 2, 1949, the Full Board filed an opinion and award wherein it found that appellant was entitled to compensation on the basis of total permanent disability. The Board, even though it had doubt concerning its soundness, felt compelled to follow the rule in Williams v. Gordon, 313 Ky. 377, 231 S.W.2d 89, and adjudge that compensation be "made retroactive to the date of the original injury instead of the date of the motion to re-open, and subtracting therefrom the *period* for which compensation has been paid, with interest from the date that the motion to re-open was filed." In the opinion it was remarked that the court had approved the procedure in Lincoln Coal Company v. Watts, 275 Ky. 130, 120 S.W.2d 1026, where the first award was for a temporary total period of some weeks, followed by a permanent partial period which was commuted to a lump sum, and had allowed credit on the *new award* for the number of weeks paid under the *first award* and at the rate per week of the *first award*.

Accordingly, in the instant case, the Board awarded appellant "$15.00 per week during the period of total disability but not longer than 10 years from January 12, 1943, (date of injury) and not to exceed $7500.00 *less 26 weeks* at $15.00 per week and less 309 weeks at $2.40 per week * * *."

On March 19, 1951, the circuit court reversed the award of the Board and the cause was remanded with directions to enter an award in favor of appellant at the rate of $15 per week, beginning 335 weeks after January 12, 1943, and continuing for 165 weeks at the rate of $15 per week. Therefore, the payments would begin as of June 14, 1949, which date was 335 weeks after the injury and was about *8 months after* the motion to re-open had been filed.

Appellant insists that the judgment was not in conformity with the opinion in Hayden v. Elkhorn Coal Corp. Inc., Ky., 238 S. W.2d 138, 140.

In that case, Hayden was injured on November 18, 1947, and a lump sum settlement was had (approved by the Board on April 20, 1948) on the basis of $18 per week for 20 weeks and $3.05 per week for 400 weeks. Therefore, the sum paid under this award covered a period which extended from the date of the injury to about *December 6, 1955.* Hayden's motion to re-open his case was filed on January 6, 1949. He was awarded payments on the basis of permanent total disability and this court, in deciding that the payments commenced and accrued prospectively from the date of the motion rather than retroactively as of the date of the injury, said:

"The payments, in fact, had been made in advance to him under the lump sum settlement of April 20, 1948, but the first award remained in full force and effect up to the date of appellant's motion to reopen his case. If the new award had permitted weekly installments to begin prior to January 6, 1949, it would have had the result of increasing the payments from $3.05 to $18 per week during the period the first award was in effect, and this is the procedure expressly forbidden under KRS 342.-125."

KRS 342.125, referred to in the quotation, pertains to methods of review by the Board of previous awards and the portion, which has given rise to so many difficult problems, reads:

"Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any *sums* already paid thereunder."

See Rex Coal Company v. Campbell, 213 Ky. 636, 281 S.W. 1039; Lincoln Coal Co. v. Watts, 275 Ky. 130, 120 S.W.2d 1026; Williams v. Gordon, 313 Ky. 377, 231 S.W. 2d 89, and Hayden v. Elkhorn Coal Corp. Inc., Ky., 238 S.W.2d 138.

However, in all of these cases, the date of the motion to re-open had been treated as the "cut-off" date, and then concern was had as to whether the new award was to be given retrospective or prospective effect.

In the Hayden case, relied upon by appellant in the case at bar, although the *period* for which the first award had been made extended into the year of 1955, the court stated that the first award remained in effect only until the motion to re-open was filed, when the new award was to begin at the maximum rate "for a period not to exceed 10 years, all subject to credit for any sums already paid by appellee Corporation to appellant."

But in that case the formula for giving credit for sums already paid was not discussed. There, as here, the payments covered a period which extended into the future beyond the date upon which the motion was made, but the opinion does not state the manner by which sums paid should be credited. It is certain that all the weeks, which had expired before the motion, had been paid for, and the opinion stated that the period covered and payments made during those weeks were not to be disturbed. But what about the unexpired period after the motion? Payments had also been made for weeks which projected several years into the future, and these weeks would be coincident with the time covered by the award for maximum total disability. This point was not discussed.

In the case at bar we believe that discussion is required because the trial court's judgment, in effect, ordered that no payments be made under the new award until the expiration date of the old award.

KRS 342.095, which deals with compensation for total disability, sets up maximum and minimum amounts which may be paid. It does not, like other portions of the act, KRS 342.105 and KRS 342.110, attempt to measure in the terms of compensation for a definite number of weeks, the value of an injury. It does place a maximum as to the total amount of money which may be paid and fixes the total period of payment at ten years, but the use of this measurement of time is for the purpose of limitation and is not an attempt to translate the value of a state of total disability into terms of money by the years or compensation by periods. The reason

is, perhaps, that the injured employee might recover from his state of total disability.

KRS 342.095, in effect in 1943, reads in part:

"If the period of total disability begins after a period of partial disability, the period of partial disability shall be deducted from the total period of 10 years during which compensation for total disability may be payable, and the payments made on account of such partial disability shall be deducted from the maximum of $7,500."

It must be remembered that the foregoing statute sets forth three limitations which pertain to: (a) the maximum amount of money which may be paid each week, (b) the total period of years which it may be paid, and (c) the total amount of money which may be paid during the ten year period.

With these limitations in mind and with recognition of the "cut-off rule" which has been announced by our opinions, we have concluded that a correct award in the instant case during the ten year period would be as follows:

|  | Amount Due | Amount Paid |
|---|---|---|
| 1. From date of injury (Jan. 12, 1943) to July 11, 1943, the end of temporary total period. | | |
| 26 weeks @ $15 | | 390.00 |
| 2. From July 11, 1943, to Sept. 21, 1948, the date of motion to re-open and end of permanent partial period. | | |
| 271 weeks @ $2.40 | | 650.40 |
| Total 297 weeks | $1040.40 | $1040.40 |

It may be seen that only 297 weeks of the total 335 covered by the lump sum settlement were consumed before the "cut-off date." The employer is entitled to credit for the remaining 38 weeks covered by lump sum settlement so, under the award, the appellee should be required to pay the balance.

| 1. From Sept. 21, 1948, to June 14, 1949, the last week covered by lump sum settlement . | | |
|---|---|---|
| 38 weeks @ $15 | 570.00 | |
| 2. From Sept. 21, 1948, to June 14, 1949, credit employer for payments made under lump sum settlement | | |
| 38 weeks @ $2.40 | | 91.20 |
| 3. From June 14, 1949, to Jan. 11, 1953, the end of the ten year limitation period: | | |
| 185 weeks @ $15 | 2775.00 | |
| | $4385.40 | $1131.60 |
| Balance of principal due and unpaid | | $3253.80 |

The foregoing amounts are based upon the statutes in force at the time of the injury.

The judgment is therefore reversed with directions that the circuit court remand this case to the Board for a finding and award not inconsistent with this opinion.

DUNCAN, J., not sitting.