**DEPARTMENT OF FINANCE, Commonwealth of Kentucky et al., Appellants,**

**v.**

**Arley WRIGHT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 9, 1968.

weeks of total temporary disability) based on a finding of permanent, partial disability to the body as a whole of 35%, of which 5% was found to be attributable to a pre-existing disease or condition.

With approval of the Board, the compensation due under the last agreed award was paid in a lump sum of $2,892.63 on a commuted basis. KRS 342.150. This lump sum payment was made by the appellee, Special Fund, inasmuch as Wright was then working for his employer in the employment in which he was injured. See former KRS 342.120(5) and Simmons Brothers Paving Company v. Presley, Ky., 419 S.W.2d 338.

Wright continued to experience pain and disabling symptoms which resulted in many consultations with Dr. W. K. Massie, an orthopedic surgeon. Surgery was performed by Dr. Massie looking toward a spinal fusion, but the procedure did not achieve the desired result, and by October 13, 1965, Wright was forced to discontinue any effort at working.

On March 29, 1966, Wright filed a motion before the Board requesting it to reopen and review the agreed award of October 15, 1963. In his motion he asserted " * * * that there has been and exist herein a change of conditions of the petitioner, that said change of conditions were the result of the original accident and is the direct and proximate result of the injury sustained herein." After a hearing, the Board entered a new award on September 19, 1966, which in part is as follows:

"It is ORDERED AND ADJUDGED BY THE FULL BOARD AS FOLLOWS:

(1) The plaintiff, Arley Wright, is awarded and he shall recover from the defendants, Department of Finance, Commonwealth of Kentucky and Aetna Casualty & Surety Company, the sum of $26.70 per week beginning March 29, 1966, for a period of 425 weeks from the date of the accident, February 2, 1962, with interest at 6% per annum on all

B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellant.

Paul Ross, Lexington, Paul Rehm, Versailles, J. Keller Whitaker, Frankfort, Workmen's Comp. Board, for appellee.

DAVIS, Commissioner.

Arley Wright sustained an injury to his back on February 2, 1962, while engaged in his employment as a painter for the Department of Finance, Commonwealth of Kentucky. On July 2, 1962, the Workmen's Compensation Board approved a voluntary agreement between Wright and his employer, providing payment of $36 per week for 37⅞ weeks for total temporary disability. On January 31, 1963, Wright filed a petition to reopen and review the agreed award; on October 15, 1963, an amended and substituted agreed award was entered and approved by the Board, providing for compensation in the sum of $9.30 per week for 362⅞ weeks (400 weeks minus 37⅞

past due and unpaid installments from March 29, 1966, until paid. The defendants shall take credit for all payments made thereon."

In its opinion the Board recited:

"It is obvious from the evidence in this record that at the time the plaintiff signed the agreement for compensation on September 1, 1963, and the final settlement receipt on the same date, based on a lump sum payment which was approved by the Board on October 16, 1963, the plaintiff was totally disabled. It is thus clear that the parties executed such agreement on the grounds of mistake. Under such circumstances, the Board may reopen and review the award and grant such compensation commensurate with the plaintiff's actual disability as established by the evidence herein."

The employer appealed to the circuit court which affirmed the Board's award in full. The present appeal is from the circuit court judgment and presents three claims of error: (1) The Board had no authority to reopen the case on the ground of "mistake" since the employee had moved to reopen for "change of condition" and failed to claim, plead, or offer proof of any change; (2) the Board erred in failing to apportion the award between the employer and the Special Fund; and (3) the award has the effect of permitting the recovery of sums in excess of the agreed award on a retroactive basis.

■ As respects the first point of error asserted, the appellant cites Felix Coal Company v. Jones, 254 Ky. 190, 71 S.W.2d 430, but as we read that opinion, it militates against the position urged by the appellant. In Felix Coal Company, the court pointed out that the strict rules of pleading are inapplicable in proceedings before the Workmen's Compensation Board. In Messer v. Drees, Ky., 382 S.W.2d 209, it was noted that:

"When subsequent events indicate that an award was substantially induced by a misconception as to the cause, nature or extent of disability at the time of the hearing, justice requires further inquiry. Whether it be called a 'mistake' or a 'change in condition' is a matter of mere semantic taste. The important question is whether the man got the relief to which the law entitled him, based upon the truth as we are now able to ascertain it. Cf. Blue Diamond Coal Company v. Meade, Ky., 289 S.W.2d 503 (1956)."

■ We conclude that the Board properly reopened the case in light of the authorities cited, based upon the evidence furnished by Dr. Massie. In his original report Dr. Massie had evaluated Wright's disability at 35% and had ascribed 5% to a pre-existing condition. In light of the subsequent developments, the same doctor gave it as his opinion that the disability had become total. We do not consider that Wright's failure to denominate his basis for relief as "mistake" rather than "change of condition" is of significance. Indeed, we are unable to agree with the Board's legal conclusion that there was no showing of change of condition.

■ The appellant employer asserts that the Board erred in failing to apportion the award between it and the Special Fund, in face of the uncontroverted evidence reflecting a 35% functional impairment, of which 30% was ascribed to the accidental injury and 5% to a pre-existing condition. In support of its position, the employer relies on Shuman Company v. May, Ky., 327 S.W.2d 14; Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905; Green Valley Coal Company v. Carpenter, Ky., 397 S.W.2d 134; Young v. Eastern Coal Corporation, Ky., 408 S.W.2d 464; and Cabe v. Splash-Dam By-Products Coal Corporation, Ky., 416 S.W.2d 361. The Special Fund contents itself by asserting that the employer failed to invoke the procedures for apportionment prescribed by KRS 342.120. The Special Fund points out that the case was never practiced as a subsequent injury case and that the question of apportionment

was never raised or presented before the Board. As already observed, the Special Fund was in the case solely by reason of former KRS 342.120(5), which had no bearing upon the matter of apportionment. In this state of the record we conclude that the appellant has not preserved for review its claim of error in the Board's failure to apportion.

■ The final assignment of error relates to the claim that the award permits recovery of sums in excess of the agreed award on a retroactive basis. As noted herein the award provides for the payment of " * * * the sum of $26.30 per week beginning March 29, 1966, for a period of 425 weeks from the date of the accident, February 2, 1962, with interest at 6% per annum on all past due and unpaid installments from March 29, 1966, until paid. The defendant shall take credit for all payments thereon." In its brief the appellant states:

"If we read this order to mean that the payments begin March 29, 1966 for the *period remaining* between the date of the accident February 2, 1962, and 425 weeks, then the ruling is in accordance with the law. However, counsel for appellee Wright has contended privately to counsel for appellants of $26.30 for 425 additional weeks with credit to the employer only for the payments (as distinguished from the period) previously made."

Appellee Wright insists " * * * that he is entitled to compensation for total and permanent disability from the date of the injury, less credit for payment heretofore made." In support of that contention the appellee suggests that a "change of condition" is distinguishable from "mistake," on the theory that in case of "change of condition" the initial award is correct, except that at some later time the claimant's condition worsens or improves. But, it is reasoned, where "mistake" is found, the prior award is erroneous *ab initio*. The only authority cited for this proposition is Daugherty v. Watts, Ky., 419 S.W.2d 137. We do not read Daugherty as supporting the appellee's contention.

As we read KRS Chapter 342 and the decisions construing it pertaining to the question at hand, we conclude that the contention of the appellant is correct. KRS 342.125(1), in the treatment of reopening awards, specifically provides in part: "Review under this section * * * shall not affect the previous order or award as to any sums already paid thereunder." KRS 342.095(1), in dealing with compensation for total disability, provides in part: "If the period of total disability begins after a period of partial disability, the period of partial disability shall be deducted from the total period of four hundred twenty-five weeks during which compensation for total disability may be payable." This court has encountered the problem under discussion in several instances as may be seen by examination of the following decisions: Workmen's Compensation Board v. United States Coal and Coke Company, 196 Ky. 833, 245 S.W. 900; Williams v. Gordon, 313 Ky. 377, 231 S.W.2d 89; Schaab v. Irwin, 298 Ky. 626, 183 S.W.2d 814; Anderson v. Whitaker, Ky., 247 S.W.2d 980; and Thompson v. Harlan Wallins Coal Corporation, Ky., 256 S.W.2d 10.

In the Thompson case a detailed computation was recited for an award in instances strikingly similar to the case at bar. Since we are unable to discern the exact impact of the award as rendered in this case, and since the litigants are in direct disagreement as to its interpretation, this proceeding must be remanded to the Board so that it may compute the award according to the principles enunciated in Thompson v. Harlan Wallins Coal Corporation, Ky., 256 S.W.2d 10. The parties agree that interest shall be computed on unpaid installments from March 29, 1966, the date of the motion to reopen. See Williams v. Gordon, 313 Ky. 377, 231 S.W.2d 89, 92.

The judgment is affirmed in part and reversed in part with directions that the

proceeding be remanded to the Workmen's Compensation Board so that the award of September 19, 1966, may be clarified as set out in the opinion.

WILLIAMS, C. J., and HILL, MILLI-KEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.