**Ray REYNOLDS, Appellant,**

v.

**JUSTICE COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 15, 1968.

Joseph W. Justice, Burke & Justice, Pikeville, for appellant.

E. R. Hays, Baird & Hays, Pikeville, Stuart E. Alexander, Louisville, for appellees.

PALMORE, Judge.

Both sides appeal from a judgment affirming an order of the Workmen's Compensation Board re-opening an agreed award and allowing the claimant, Ray Reynolds, additional compensation. KRS 342.-125, 342.285, 342.290. The employer contends the re-opening was not justified. The claimant contends the increase in compensation should be given retroactive effect to the beginning of the compensable period, whereas the Board made it effective from the time the motion to re-open was filed.

Reynolds was a shot-firer in the employer's coal mine. On July 22, 1964, a lump of coal propelled by one of his shots struck him on the left knee and resulted in a comminuted fracture and subsequent removal, by surgery, of the patella or kneecap. The surgeon who performed the operation was of the opinion that Reynolds had sustained a permanent partial impairment of 25% to his body as a whole. On August 12, 1965, dealing directly with an adjuster for the employer's insurance company, Reynolds accepted and the Board approved a settlement reflecting temporary total disability for 53 weeks and 25% permanent partial disability for 347 weeks, totalling 400 weeks. The total disability period of 53 weeks had been paid, and the balance was commuted and paid in a lump sum.

The motion to re-open was filed with the Board on June 14, 1966. It was supported

by the affidavit of Dr. David B. Stevens, an orthopedic specialist, stating that on the basis of a recent examination it was his opinion that Reynolds had a 10% permanent impairment to his body as a whole but because of muscular atrophy, limited flexion of the knee, and marked tenderness at the site of the surgical incision he would be unable to do any work requiring him to kneel for a substantial period of time, and the affidavit of Reynolds himself stating in substance that he misunderstood the agreement of August 12, 1965, that the condition of his knee had grown worse, and that as a result of the latter circumstance and the limitations of his education and experience he was unable to engage in any gainful occupation.

After hearing evidence on both sides the Board sustained the motion to re-open, finding that Reynolds had been totally and permanently disabled since July 22, 1964, and that the agreement of August 12, 1965, had been induced by mistake of the parties with respect to the nature and extent of the disability resulting from the injury. Accordingly, the weekly benefits were enlarged to $38 and the compensable period to 425 weeks under KRS 342.095,* whereas the 25% agreement had been made with reference to KRS 342.100,* which limited benefits for permanent partial disability to $33 per week for 400 weeks. Specifically, the employer was ordered to pay an additional $29.75 per week from June 14, 1966, until the expiration of the 400-week compensable period as originally computed, $38 per week for an additional 25 weeks, and all unpaid medical expenses not exceeding $2500.

In his testimony for the employer following the motion to re-open, Dr. William C. Rowland, who had performed the patellectomy on Reynolds in December of 1964, agreed that his estimate of 25% permanent disability referred to limitation of physical function. He did not believe, however, that his loss of the kneecap would keep Reyn-

olds from performing his usual work. On the other hand, Dr. Stevens testified that "there are some patients after a patellectomy who could mine coal and some who couldn't," and "based on his complaints and my knowledge that certain patients after a patellectomy cannot kneel because of tenderness, it is my opinion that he probably will not be able to return to such coal mining."

■ It was held in Messer v. Drees, Ky., 382 S.W.2d 209, 213 (1964), that a reopening is justified when events subsequent to the hearing on which an award was made reveal that it was substantially induced by a misconception as to the cause, nature or extent of disability. That is the basis on which the Board re-opened the agreed award in this instance. Though Dr. Rowland believed the injury would not substantially prevent Reynolds from performing his usual work, the testimony of Dr. Stevens furnished sufficient evidence to support the Board's finding that this assessment, on which the original award was based, had proved to be incorrect. Being so supported, the Board's finding cannot be disturbed on a judicial review. Cf. Department of Finance v. Wright, Ky., 425 S.W.2d 740 (decided February 9, 1968).

■ The manner in which the employer was given credit for that portion of the lump sum settlement reflecting the period between the beginning of the compensable period and the date on which the motion to re-open was filed is in conformity with Thompson v. Harlan Wallins Coal Corp., Ky., 256 S.W.2d 10, 13 (1953), the principles of which were approved and followed in Department of Finance v. Wright, Ky., 425 S.W.2d 740 (decided February 9, 1968). In the latter opinion the argument that a distinction should be drawn between "mistake" and "change of conditions" so as to make the new award in a case of mistake retroactive to the beginning of the compensable period was rejected. See Rex

---

* As the statutes read at the time of the injury.

Coal Company v. Campbell, 213 Ky. 636, 281 S.W. 1039 (1926). The *Thompson* case is dispositive of the claimant's contention on this appeal.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN and STEINFELD, JJ., concurring.

MONTGOMERY, J., not sitting.