**EQUITABLE BAG COMPANY, Inc.,**
**Appellant,**

v.

**Carmoleda HAMBLIN and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 17, 1972.

James A. Nolan, Ware, Bryson, Nolan & West, Covington, for appellant.

Frank M. Zier, Cincinnati, Ohio, for appellee Hamblin.

EDWARD P. HILL, Judge.

After reading the appellant's four-page brief, the appellees' forty-one-page brief, and a substantial part of the record, we have discovered that the controlling question presented on this appeal involves the correctness of the judgment of the circuit court upholding an award of the Workmen's Compensation Board which held that appellee Carmoleda Hamblin's application for workmen's compensation, on Form No. 11, sufficiently pleaded an injury of February 17, 1965, but did not sufficiently plead or claim compensation for an injury or aggravation of the injury which occurred on January 28, 1966. The answer to this question may necessitate the reversal and remand of the entire case to the Workmen's Compensation Board. We hold that the application filed April 19, 1966, was sufficient to require a trial of appellee Hamblin's claim for injuries received February 17, 1965, and also for the injuries or aggravation of injuries which she claims occurred in January 1966.

On the front page of her application for compensation, plaintiff alleged that the date of the injury was February 17, 1965. However in part III of the application, she made the following allegation: "Plaintiff working at regular job. In performing her regular duties, her right hand struck side of bag and another object injuring right hand and wrist. Late in January, 1966, plaintiff reinjured same wrist in a similar type accident."

The award of the Workmen's Compensation Board allowed the appellee temporary total disability but nothing for permanent partial disability and concluded that her application was not sufficient to entitle her to prove her claim for compensation for permanent partial disability apparently on the theory that she did not specifically allege her second injury.

Early in the proceedings before the Workmen's Compensation Board, the appellant questioned the sufficiency of plaintiff's application for workmen's compensation by the specific argument that the injury of January 1966 was not sufficiently pleaded. The board entered an order passing this question to the merits. Obviously the appellee decided to stand on her position that her application sufficiently pleaded both injuries inasmuch as her case was prepared along those lines.

We quote the first paragraph of appellant's argument: "Without question and without argument, the claim of February 17, 1965, was timely filed. Apparently some compensation was paid for temporary total disability which extended the one-year statute of limitations. Appellant goes on to say that "there is no basis for this matter being remanded for further proceedings."

The first question then is one of the sufficiency of the pleadings.

■ The rule of law relating to pleadings in workmen's compensation cases is so well recognized that it is hardly necessary to cite authority; that rule is, no formal proceedings are required in workmen's compensation cases and an application for compensation should not be construed with the same strictness as an ordinary civil pleading. Department of Finance v. Wright, Ky., 425 S.W.2d 740 (1968).

■ The two claimed injuries were received while working for the same employer and to the same hand and wrist. The rule of law relating to the unit trial of multiclaims should have impelled the Workmen's Compensation Board to try the two claims as one. How do we know that the claimant was really not claiming permanent partial disability for the 1965 injury? The Workmen's Compensation Board might well have found from the evidence that her disability was the result of the injury she claims to have received in 1966, or from a combination of both injuries. In addition to the statute commanding the court to give a liberal construction to workmen's compensation proceedings, this court has held that rules of equity should be applied in the trial and disposition of workmen's compensation claims. Dick v. International Harvester Co., Ky., 310 S. W.2d 514. And what about the policy against multiplicity of actions? It is concluded that the judgment appealed from is erroneous in that it upheld an award limiting the appellee's recovery to injuries claimed to have been received on February 17, 1965.

For some reason not disclosed in the record, the circuit court found "that there was error in the Board's proceedings, orders, decision and award prejudicial to the rights of this Petitioner. * * * It is further ordered that the Board's opinion and award dated 10/30/1967, be and the same is hereby reversed on errors of law occurring in the whole record and said cause is remanded to the Board for further proceedings according to law." The judgment did not specify the error.

Having concluded that the appellee was entitled to a trial on the merits of her claim and that evidence was competent on the question of the nature and extent of her 1966 claimed injuries, it follows that the case must be remanded to the board for a full and complete trial of the issues thus joined.

The judgment is reversed in part and affirmed in part.

All concur.