**SWIFT AND COMPANY, Appellant,**

v.

**Donald Wayne BLADES and Workmen's
Compensation Board, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, for appellant.

Frank Reaves, Jr., Lexington, J. Keller Whitaker, Director, Workmen's Compensation Board, Frankfort, for appellee.

JONES, Justice.

This is an appeal from a judgment of the Fayette Circuit Court which affirmed an award of the Workmen's Compensation Board.

Appellee, Donald Wayne Blades, an employee of appellant, Swift and Company, received a back injury on April 7, 1969, from an accident which arose out of and in the course of his employment. He had two surgical operations for the removal of discs during the years 1969 and 1970. On June 15, 1970, he was released and advised by his doctor that he had a twenty percent permanent partial disability. His doctor advised light work for a period of one month, and that then he could expect to resume his normal duties as a manual laborer.

On July 14, 1970, a settlement agreement was signed by the parties whereby appellee was to receive an award based on twenty percent disability commuted to a lump sum payment of two thousand five hundred twenty-two dollars and thirty cents. This agreement was approved by the Board.

On March 30, 1971, appellee moved to reopen the case pursuant to KRS 342.125 on the basis of changed conditions. The motion was vigorously opposed by appellant.

On April 12, 1971, the full Board overruled the motion to reopen without prejudice to appellee's right to file a proper motion to reopen under the provisions of the statutes and the rules of the Board. Thereafter appellee filed a verified motion to reopen. The motion was supported by affidavits as to the changed conditions.

On May 10, 1971, the full Board entered an order sustaining appellee's motion to reopen and assigned the cause to a hearing officer for the taking of proof.

After the case was reopened and in the hearing before the referee and the Board, the testimony of the appellee and the two surgeons who attended him was produced.

The appellee testified that at the time he signed the settlement he was not represented by counsel, and he had been informed and was under the impression that in time he would be able to resume his regular duties, and that the two surgical operations to his back injury left him twenty percent diabled, and on that basis, he made the settlement. Further testimony by appellee showed that his condition became worse. He tried several jobs, but was unable to work at any task.

Doctor Peter Jones, who performed the surgical operations in 1969 and 1970, corroborated the testimony of appellee with disabled, and on that basis, he made the set-of settlement:

"Q. Doctor, in June 1970, based upon your examinations, treatment and surgery of Mr. Blades, did you form an opinion at that time as to what percentage, if any, of permanent disability he had?

A. Yes, at that time I gave him a percentage disability of 20%.

Q. Did you advise him of that fact and explain to him the basis of your diagnosis?

A. Yes.

Q. And, Doctor with reference to his being able to work, did you give him any directions in that regard in June 1970?

A. In June of 1970, I advised him to obtain work of a light type which would not entail bending or lifting.

Q. Doctor, did you further advise him that he might be expected to return to his regular occupation in about one month?

A. I felt that it would be possible that he would get back to his original work in a month.

Q. Doctor, did you examine Mr. Blades in February of 1971?

A. Yes.

Q. And what did your examination reveal?

A. At that time he had some limitation of low back motion, which was due to pain; his reflexes were all present and equal except that there was absence on the right ankle. He had no weakness of his muscles, his back motions were limited in a forward and in backwards directions to about 30% forwards and 25% backwards.

Q. Doctor, based on your examination of Mr. Blades in February of 1971, did you form an opinion as to whether or not he was able to perform his usual and regular type occupation or the occupation of manual labor at that time?

A. I did form an opinion. I didn't think he was capable of returning to his former occupation of doing any type of work requiring heavy lifting."

Without further detailing the medical testimony of Doctor Jones, he testified that appellee was 100% disabled in February 1971, and that the disability was a result of the initial injury. Both Doctor Jones and Doctor Yocum testified that appellee was in need of a spinal fusion.

The final order entered by the Board, which we feel was amply sustained by the evidence, increased the compensation to 100% for and during the appellee's total disability. On appeal to the circuit court this order was sustained.

■ Appellant argues on this appeal that the Board was not authorized to disturb a previous settlement. This contention is inconsistent with KRS 342.125, which provides,

"(1) Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, . . . ."

Appellant argues that the facts in the instant case are identical to those in Young v. Charles F. Trivette Coal Company, Ky., 459 S.W.2d 776 (1970). We do not agree. Young v. Charles F. Trivette Coal Company, supra, stands for the proposition that when a claimant makes a settlement which is approved by the Board, and there has been no change in his condition, the claim fails.

■ In the case at bar, the evidence produced by the appellee and corroborated by Dr. Jones is conclusive that there was a change of condition so as to merit an increase in the award commensurate with the disability.

The next question raised by appellant is that the Board back-dated the award to the date of injury rather than making it effective as of the date of the motion to reopen. He claims this action by the full Board is not consistent with KRS 342.125 or with the case law. The full Board in its opinion and award of January 22, 1973, in addition to awarding medical, surgical and hospital expense as was reasonable not to exceed the sum of $3,500.00, stated in paragraph two of said award:

"2. That plaintiff shall further recover of the defendant and/or its insurance carrier the sum of $49.00 per week from and after April 7, 1969, for so long as he remains totally disabled not to exceed 425 weeks from said date with interest at the rate of 6% per annum on all past due and unpaid installments of such compensation, and the said defendant shall take credit for all benefits heretofore paid."

■ It is obvious from reading the very concise, detailed opinion of the full Board in its entirety that the award was based upon a change in the condition of the appellee.

We conclude that in this respect the Board was in error. KRS 342.125 (1) and KRS 342.095(1); Department of Finance v. Wright, Ky., 425 S.W.2d 740 (1968); Reynolds v. Justice Coal Company, Ky., 425 S.W.2d 750 (1968).

The judgment is affirmed in part and reversed in part, with directions that the proceeding be remanded to the Workmen's Compensation Board so that the award of January 22, 1973, be computed in accordance with Department of Finance v. Wright, supra.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.