Raymond COTTRELL, Appellant,

v.

ALTON BOX BOARD COMPANY and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

May 17, 1974.

Alfred J. Simon, Jr., Louisville, for appellant.

William Mellor, Mellor & Shaw, Louisville, for appellee.

MILLIKEN, Justice.

Raymond Cottrell appeals from a judgment affirming an award which granted him 82½% permanent partial disability by the Workmen's Compensation Board. Cottrell contends that the Board erroneously credited his employer, the appellee Alton Box Board Company, with the number of weeks he worked after the accident, thus permitting the employer to reduce illegally the number of weeks for which he was to receive the payment of benefits. On the other hand, the appellee Alton contends Cottrell did not perfect his appeal to this court.

Cottrell was a fork-lift operator whose foot was injured in an accident on October 2, 1967, when the lift tumbled. He was paid benefits for temporary, total disability for 59⅟₇ weeks after the accident in conformity with KRS 342.095 governing that degree of disability. After the end of that period Cottrell returned to work and worked, in all, 95⅟₇ weeks during which he underwent medical treatment for his injured foot, which stubbornly refused to sufficiently improve.

Before the hearing on his claim for permanent injury was completed, the parties stipulated that he had suffered an 82½% permanent partial disability and the Board so found, however, allowing the employer to deduct the number of weeks Cottrell worked after the accident (as well as the number of weeks he received payments for temporary, total disability) from the 400 weeks for permanent, partial disability awarded him in compliance with the stipulation and authorized by KRS 342.110.

KRS 342.110(3) authorizes payment for permanent, partial disability of this nature for not exceeding 400 weeks. That statute, however, declares that, "Compensation payable under this section shall not be affected by the earnings of the employe after the accident * * *," but it also declares, "Where compensation * * * is paid under any other provision of this chapter, the period during which such other compensation was paid shall be deducted from the maximum period which may be paid under this section."

Consequently, the Board erred in permitting the employer to deduct from the 400 weeks, for which compensation for permanent, partial disability was awarded, the 95⅟₇ weeks Cottrell worked after the accident. The Board acted properly in permitting the employer to deduct the 59⅟₇ weeks for which compensation for temporary, total disability was awarded. The Board shall amend its award in compliance herewith. The stipulation of the parties to the effect that Cottrell has suffered an 82½% permanent, partial disability reflects the parties' opinion of limitation of Cottrell's ability to secure employment henceforth in the labor market.

As to Alton's contention that the appeal should be dismissed for the failure of Cottrell to serve a designation of the record on appeal upon the Workmen's Compensation Board, we conclude that the Board was the party with the prerogative to make that motion if it cared to do so and not that of Alton.

The judgment is affirmed in part and reversed in part and the circuit court is directed to remand the case to the Board for modification of its award in conformity with this opinion.

All concur.