**WESTERN CASUALTY & SURETY COMPANY, Appellant,**

v.

**Carolyn June ADKINS, Appellee.**

Court of Appeals of Kentucky.

July 24, 1981.

James B. Todd, Pikeville, for appellant.

Dan Jack Combs, Pikeville, for appellee.

Before HOGGE, VANCE and WINTER-SHEIMER, JJ.

VANCE, Judge.

The question is whether an employer who has voluntarily paid an injured employee benefits for total injury during the pendency of a proceeding before the Worker's Compensation Board can take credit on a final award for permanent partial disability for the total amount voluntarily paid or credit only for the amount of the permanent partial award multiplied by the number of weeks the voluntary payment was made.

The appellee was injured on August 3, 1978. For the period from August 3, 1978, to February 6, 1979, the appellant voluntarily paid appellee benefits for temporary total disability. These payments were $112.00 per week for 26.71 weeks and amounted to a total payment of $2,991.52. Voluntary payments were discontinued on February 6, 1979.

In February of 1980, the Board issued an order holding that appellee is 100% disabled; that 50% of the disability is due to a pre-existing disability; that 25% of the disability is due to the compensable injury and 25% due to arousal of a dormant nondisabling condition. As a result 25% of the disability was apportioned to the Special Fund, 25% to the employer and 50% was noncompensable. The employer was directed to pay to appellee the sum of $28.00 per week from August 3, 1978, the date of the injury, for so long as she is disabled and the employer was permitted *to take credit for* *any payments of compensation heretofore paid.*

The employer computed the amount due under the award and deducted $2,991.52, the amount voluntarily paid, and tendered a check therefor to appellee. Appellee contended that the employer was not entitled to deduct the full dollar amount of the voluntary payments, but only the number of weeks payments were made (26.71) multiplied by the amount of the employer's weekly liability ($28.00). In effect, the appellee contends that although the employer paid her voluntarily the sum of $2,991.52 for a period of 26.71 weeks, the employer is only permitted to take credit for $747.88 against the award.

The trial court permitted the appellant to take credit only for 23 weeks of the award, but not for the total amount paid.

Appellee relies upon the cases of *Department of Finance v. Wright,* Ky., 425 S.W.2d 740 (1968), and *Cottrell v. Alton Box Board Company,* Ky., 510 S.W.2d 19 (1974). Neither of those cases is applicable to the facts of this case. They both pertained to compensation statutes which limited compensation payments to a period of 425 weeks. Under those statutes when a period of partial disability followed a period of total disability, the period of total disability was deducted from the maximum compensable period of partial disability.

In this case the award is not limited to a number of weeks and there was no period of total disability followed by a period of partial disability. The employee was totally disabled throughout, but the employer was charged with responsibility for only 25% of the disability. The compensation ran from the date of the injury.

The only problem is that during the pendency of the hearing the employer voluntarily paid more than was ultimately determined to be his share of the liability for total disability.

Appellee reminds us that KRS 342.004 mandates liberal construction on questions of law. In our view, the voluntary payment of compensation benefits during the

**504**

pendency of proceedings before the Board is a matter of great importance to an injured worker and should not be discouraged. Any statutory interpretation which would penalize an employer who voluntarily makes weekly payments to an injured employee in excess of his ultimate liability would certainly discourage voluntary payment by employers and would therefore constitute a disservice to injured workers generally.

We see no reason in this case why the employer should not be entitled to credit against the final award the entire amount of the voluntary payments of compensation. *See Louisville Milling Company v. Turner*, 209 Ky. 515, 273 S.W. 83 (1925); and *Reynolds v. Justice Coal Co.*, Ky., 425 S.W.2d 750 (1968). We do not read *Department of Finance v. Wright, supra,* to be inconsistent with this result.

The judgment is reversed for entry of a new judgment in conformity with this opinion.